# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SMITH KLINE & FRENCH                )
LABORATORIES LIMITED and            )
SMITHKLINE BEECHAM                  )
CORPORATION d/b/a                   )
GLAXOSMITHKLINE,                    )
                                    )
            Plaintiff,              )        Civil Action No. 05-197-GMS
                                    )
v.                                  )
                                    )
TEVA PHARMACEUTICALS USA, INC.,     )
                                    )
            Defendant.              )
                                    )

### PLAINTIFF GLAXOSMITHKLINE'S
### RESPONSES AND OBJECTIONS TO DEFENDANT'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rules of Civil Procedure 26 and 34, and United States District Court for the District of Delaware Local Civil Rule 26.1, Plaintiffs Smith Kline & French Laboratories Limited and SmithKline Beecham Corporation, d/b/a GlaxoSmithKline (collectively, "GSK") hereby make the following responses and objections to Defendant Teva Pharmaceuticals USA, Inc.'s ("Teva") First Set of Requests for Production of Documents and Things.

### GENERAL OBJECTIONS

1.    GSK objects to Defendant's "Definitions" and "Instructions" to the extent they seek to impose any obligation in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

2.     GSK objects to these requests to the extent they seek documents or information protected by the attorney-client privilege and/or work product immunity, or are otherwise subject to confidentiality obligations to a third party.  Nothing contained in these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege or doctrine.

3.     GSK objects to these requests as unduly burdensome to the extent that they seek publicly available documents and information, for which Teva can search on its own.

4.     GSK objects to these requests to the extent they seek to require GSK to produce documents or information beyond what GSK is able to locate upon a reasonable search of its own files and from a reasonable inquiry of its present employees.  GSK will search for responsive electronic information currently maintained by persons reasonably believed to have responsive information.  GSK will search for and produce responsive electronic information only after the parties have met and agreed upon appropriate limitations and an appropriate mechanism for obtaining and producing electronic information.  GSK further objects to bearing the costs of unduly burdensome searches for electronic information and reserves the right to seek reimbursement of such costs from Teva.

5.     GSK objects to these requests to the extent that they seek to require GSK to generate information or documents that do not already exist or collect documents that are not in GSK's possession, custody, or control.  GSK will not produce documents outside its possession, custody, or control.

6.     GSK objects to Defendant's Definition of "GSK" as overly broad.  When coupled with other Definitions and Instructions (including, without limitation, "Representative" and "Information Requested"), the requests seek documents that are irrelevant and are not reasonably

calculated to lead to discovery of admissible evidence. For example, GSK objects because the definition of "GSK," on its face, seeks documents not within the custody, possession, or control of GSK. GSK also objects to the extent that any request seeks documents from a non-party, such as, but not limited to, a parent, subsidiary, affiliate, or division. Further, GSK objects to the inclusion of any individuals "acting or purporting to act on behalf" of GSK to the extent that the inclusion purports to seek documents either not in GSK's custody, possession, or control, or seeks documents protected by the attorney-client, work product, or other privilege.

7.      GSK objects to these requests as vague, overly broad, and unduly burdensome to the extent they seek "all documents and things." When coupled with other broad definitions proffered by Defendants (including, for example, "concerning"), these requests could include virtually any document regardless of whether it has anything to do with the issues in this litigation. For example, the definition of "concerning" includes within it (among other things) "reflecting," "evidencing," "or being logically or factually connected to the referenced subject matter in any way." As such, the requests seek a virtually limitless range of documents and information that is not relevant to the subject matter involved in this action; such requests are not reasonably calculated to lead to the discovery of admissible evidence.

8.      In gathering relevant and responsive documents and information, GSK has given the requests' terms their ordinary meaning and has expended reasonable efforts to identify responsive documents. Unless other objections apply, GSK will produce responsive documents and information only to the extent that GSK can make a reasonable reading of the request. To the extent that terms in a request have any meaning other than their ordinary meaning or are not amenable to a reasonable reading, GSK objects to that request as vague and ambiguous.

9.    GSK objects to each request to the extent that it is duplicative or redundant of other discovery requests.

10.    The following responses and objections reflect GSK's current knowledge, information, and belief, and may be subject to amendment or supplementation based on GSK's further discovery, or on facts or circumstances that may come to GSK's knowledge.

11.    Nothing in these responses should be construed as waiving rights or obligations that otherwise might be available to GSK, nor should GSK's answering of any request be deemed an admission of the existence, relevance, authenticity, or admissibility in evidence of the documents or information requested or these responses and objections.

12.    GSK objects to each request to the extent it calls for production of identical copies of responsive documents.

13.    GSK objects to each request to the extent that it is unlimited as to time. In particular, the requests seek documents and information generated after the issuance dates of the '808 and '860 patents. As such, each such request is overly broad and unduly burdensome, seeks production of documents that are not relevant to any issue in this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. For requests relating to the development of the compound, GSK will only search for documents and information created before the issuance date of the '808 patent. For requests relating to the Parkinson's Disease indication, GSK will only search for documents and information created before the issuance date of the '860 patent. In no case will GSK search for or produce documents or information created after February 21, 2005, the date of Teva's Patent Certification Notice to GSK regarding ANDA 77-460.

-4-

14.     GSK objects to Defendant's Instructions and requests as overly broad and unduly burdensome to the extent they seek to compel GSK to identify or produce (1) any communications with trial counsel or (2) any documents dated after February 21, 2005 that are subject to a claim of attorney-client or work product privilege. GSK will neither produce nor log such documents.

15.     All of these General Objections apply to each and every one of GSK's specific responses below. To the extent that specific objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific request. The inclusion of such Specific Objections, or the restatement of certain General Objections in a specific response, should not be construed as, and is not intended to be, a waiver of other General Objections.

16.     GSK objects to these requests to the extent they prematurely seek information that will be the subject of expert discovery.

17.     GSK objects to requests relating to "prior art" as such requests require GSK to reach a legal conclusion before responding. Production of a document is not an admission that it is prior art, and failure to produce is not an admission that it is not prior art.

18.     GSK objects to requests seeking underlying data that is not found in laboratory notebooks, reports, and meeting minutes. Such data is of minimal relevance, duplicative, and unduly burdensome to produce.

19.     GSK objects to the requests to the extent they seek documents and information that are subject to third-party confidentiality, individual privacy, or other constraints on GSK's

ability to produce such information. GSK will not produce documents from individual employees' personnel files. GSK will produce documents consistent with its obligations under applicable laws and third party confidentiality agreements.

20.    GSK objects to the requests as unduly burdensome to the extent they seek documents and information regarding United States and/or foreign regulatory filings. Such requests are overbroad and unduly burdensome because they seek tens of thousands of pages of information (including, without limitation, confidential clinical trial information) that is not related to any issue in this case. Subject to its general and specific objections, GSK will produce the table of contents for the United States NDA and IND and will otherwise meet and confer with Teva concerning the scope of requests seeking information regarding regulatory filings.

## SPECIFIC RESPONSES AND OBJECTIONS

**Document Request No. 1:**

All copies of the Patents-In-Suit kept in the files of the Plaintiffs.

**Response:**

GSK objects to this request as cumulative and unduly burdensome to the extent it seeks

"all copies" of the Patents-In-Suit. GSK further objects to this request to the extent it seeks

documents protected by the attorney-client privilege or the work product doctrine. Subject to its

Specific and General Objections, GSK will produce non-identical, non-privileged copies of the

Patents-In-Suit to the extent they exist in GSK's files and can be located through a reasonable

search.

**Document Request No. 2:**

All copies of Plaintiffs' internal prosecution histories (as opposed to the public record

copies) of the Patents-In-Suit, Related Applications, and any foreign counterparts, including all

correspondence, notes, memoranda, declarations, affidavits, translations, other documents

relating to the same, prior art, and communications or correspondence with the United States

Patent & Trademark Office ("USPTO"), any foreign patent authorities, or any person or entity

that provided translations of documents submitted during prosecution.

**Response:**

GSK objects to this request as overly broad and unduly burdensome in that it seeks the

production of documents not relevant to any issue in this litigation and is not reasonably

calculated to lead to the discovery of admissible evidence. In particular, the patentability

standards in foreign countries differ from those in the United States. Accordingly, such

documents are highly unlikely to be relevant, and GSK objects that the burden and expense

placed upon GSK to identify and locate documents potentially responsive to this request

outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(iii). GSK further objects to this

request to the extent it seeks documents protected by the attorney-client privilege or work

product doctrine. Subject to its Specific and General Objections, GSK will produce non-

privileged documents that comprise the internal GSK prosecution files for the Patents-In-Suit,

Related Applications, and any foreign counterparts to the extent they exist in GSK's files and can

be located through a reasonable search.

**Document Request No. 3:**

    All prior art or potential prior art collected or considered with respect to the Patents-In-

Suit whether submitted or not to the USPTO, and all articles, patents, publications, or studies

concerning, in whole or in part, ropinirole and/or ropinirole hydrochloride that issued or were

published prior to the Filing Dates of the Patents-In-Suit.

**Response:**

    GSK objects to this request as overbroad, vague, and unanswerable, to the extent it asks

for documents which were "considered." GSK objects to this request to the extent it seeks

documents protected by the attorney-client privilege or the work product doctrine. GSK further

objects to this request as unduly burdensome in that it seeks publicly available documents.

Subject to its Specific and General Objections, GSK will produce non-privileged documents

responsive to this request to the extent they exist in GSK's files and can be located through a

reasonable search.

**Document Request No. 4:**

      All documents and things concerning, and all copies of, any prior art identified by Defendant, Teva, during the course of this litigation, or any other defendant in any other action relating to the Patents-In-Suit.

**Response:**

      GSK objects to this request as unduly burdensome in that it seeks "all documents and things concerning," and "all copies" of, prior art, without regard to whether the documents have anything to do with any issue in this case, and apparently including documents which are already in Teva's possession. Subject to its Specific and General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files, relate to the Patents-In-Suit, and can be located through a reasonable search.

**Document Request No. 5:**

      All documents and things concerning the inventors and authors of any prior art identified by Teva or any other defendant in any other action relating to the Patents-In-Suit.

**Response:**

      GSK objects to this request as overly broad and unduly burdensome in that it seeks documents that are not relevant to any issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. This broad request seeks "all documents and things concerning" various individuals (including past employees of GSK), without regard to whether those documents have anything to do with any issue in this litigation. GSK further objects to this request to the extent it seeks confidential information from individual employees' employment files, which are protected by privacy laws and which will not be produced. GSK further objects

to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to its Specific and General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files, can be located through a reasonable search, and relate to the Patents-In-Suit.

### Document Request No. 6:

All documents and things on which Plaintiffs may rely in this action or otherwise seek to use for any purpose at trial or at any hearing or deposition in this action, or in any other action relating to the Patents-In-Suit.

**Response:**

GSK objects to this request to the extent it seeks documents and information protected from discovery by the work product doctrine, particularly in seeking documents to be used "for any purpose" at trial. GSK further objects to this request as premature in that discovery in this action has just begun. GSK further objects to this request as overly broad in seeking documents from other lawsuits, regardless of whether they have anything to do with the issues in this case. GSK will identify documents it intends to use at trial in accordance with the court's prescribed deadlines for exchanging exhibit lists.

### Document Request No. 7:

All documents and things cited, referred to, relied upon, or that form the basis of Plaintiffs' allegations in the Complaint, or in any pleading filed or discovery response served in this action.

**Response:**

GSK objects to this request to the extent it seeks documents and information protected from discovery by the work product doctrine, particularly in seeking all documents "referred to" or "relied upon" by GSK's attorneys. GSK further objects to this request as premature in that discovery in this action has just begun. Subject to its Specific and General Objections, GSK will produce documents cited in, referred to in, or that form the basis of the allegations in the Complaint, to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 8:**

All documents and things identified in any discovery response including, without limitation, initial disclosures, supplemental disclosures, interrogatory responses, and document requests.

**Response:**

GSK objects to this request as premature in that discovery in this action has just begun. Subject to its Specific and General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 9:**

All documents and things cited, referred to, or relied upon in responding to any discovery request including, without limitation, initial disclosures, supplemental disclosures, interrogatory responses, and document request responses.

-11-

**Response:**

GSK objects to this request to the extent it seeks documents and information protected from discovery by the work product doctrine, particularly in seeking all documents "referred to", or "relied upon" by GSK's attorneys. GSK further objects to this request as premature in that discovery in this action has just begun. Subject to its Specific and General Objections, GSK will produce non-privileged documents cited in or referred to in GSK's discovery responses, to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 10:**

All documents and things that Plaintiffs intend to use as an exhibit at deposition or at trial in this action, or in any other action relating to the Patents-In-Suit.

**Response:**

GSK objects to this request to the extent it seeks documents and information protected from discovery by the work product doctrine. GSK further objects to this request as premature in that discovery in this action has just begun. GSK further objects to this request as overly broad in seeking documents from other lawsuits, regardless of whether they have anything to do with the issues in this case. GSK will identify documents it intends to use at trial in accordance with the court's prescribed deadlines for exchanging exhibit lists.

**Document Request No. 11:**

All documents concerning any declaration, affidavit, or other written testimony relating to the subject matter of this action, or of any other action relating to the Patents-In-Suit.

-12-

**Response:**

GSK objects to this request as premature in that discovery in this action has just begun. GSK further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. GSK further objects to this request as overly broad in that it seeks documents related to other lawsuits, regardless of whether they have anything to do with the issues in this case. GSK further objects that the request is vague, in that the term "other written testimony" is not defined. Subject to its Specific and General Objections, GSK will produce non-privileged documents constituting declarations and affidavits relating to the Patents-In-Suit to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 12:**

All documents and things received pursuant to any subpoena, letters rogatory, or other non-party discovery request served in this action, or in any other action relating to the Patents-In-Suit.

**Response:**

GSK objects to this request as premature in that discovery in this action has just begun. GSK further objects to this request as overly broad in that it seeks documents related to other lawsuits, regardless of whether they have anything to do with the issues in this case. GSK states that no subpoena, letter rogatory, or other non-party discovery request has been served in this action, and that GSK is not aware of any other actions relating to the Patents-In-Suit. GSK will confer with Teva regarding a mutual exchange of information received through future non-party discovery requests in this action.

**Document Request No. 13:**

All documents and things produced by Plaintiffs or persons under the control of Plaintiffs in any action relating to the Patents-In-Suit.

**Response:**

GSK objects to this request as overly broad in that it seeks documents related to other lawsuits, regardless of whether they have anything to do with the issues in this case. In any event, GSK is not aware of any other actions related to the Patents-In-Suit. Accordingly, subject to its Specific and General Objections, GSK has no documents to produce in response to this request.

**Document Request No. 14:**

All documents and things concerning any tests, studies, analyses, investigations, reports, comparisons or opinions conducted, prepared, or performed relating to the subject matter described or claimed in the Patents-In-Suit, prior to the filing of the Patents-In-Suit or in connection with the prosecution of the Patents-In-Suit (including any actual or proposed declarations or affidavits) or this litigation.

**Response:**

GSK objects to this request as vague, overly broad, and unduly burdensome. GSK further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents generated prior to the issuance of the Patents-In-Suit concerning the conception, reduction to practice, and experiments using the inventions

-14-

claimed in the Patents-In-Suit to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 15:**

All documents and things concerning any contract, agreement, grant, sponsorship, or compensation paid or received in connection with any tests, studies, analyses, investigations, reports, comparisons or opinions conducted, prepared, or performed relating to the subject matter described or claimed in the Patents-In-Suit, prior to the filing of the Patents-In-Suit or in connection with the prosecution of the Patents-In-Suit (including any actual or proposed declarations or affidavits) or this litigation.

**Response:**

GSK objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. GSK further objects to this request as overbroad, in that it seeks "all documents concerning" the relationships listed above, regardless of whether those documents have any relationship to the issues in this case. GSK further objects that such relationships, if they exist, may be subject to third party confidentiality obligations. GSK further objects to this request as vague. Subject to its Specific and General Objections, GSK will produce the following non-privileged documents to the extent they exist in GSK's files and can be located through a reasonable search: (1) responsive documents constituting or memorializing any such "contract, agreement, grant, [or] sponsorship," and (2) responsive documents constituting or memorializing any work product provided to GSK under any such "contract, agreement, grant, [or] sponsorship."

**Document Request No. 16:**

All documents and things concerning any tests, studies, analyses, investigations, reports, comparisons or opinions described in the Patents-In-Suit.

**Response:**

GSK objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. GSK further objects to this request as overbroad and unduly burdensome in that it has no limit on time, and therefore seeks irrelevant documents created many years after the relevant patent applications were filed. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files, can be located through a reasonable search, and pre-date the issuance of the respective patents.

**Document Request No. 17:**

All documents and things sufficient to identify any product, and/or samples of any product, that Plaintiffs contend fall within the scope of any claim of any of the Patents-In-Suit or any foreign counterpart(s), or the use of which would fall within the scope of any claim of any of the Patents-In-Suit or any foreign counterpart(s), with the labeling with which such product is marketed.

**Response:**

GSK objects to this request as vague and ambiguous in that it is unclear whether samples are sought. GSK further objects to this request as overbroad, in that it seeks documents related to products other than those identified in Teva's ANDA. Subject to its Specific and General Objections, GSK refers Teva to the Orange Book listing for ropinirole hydrochloride.

**Document Request No. 18:**

All documents citing or otherwise identifying any of the Patents-In-Suit, including but not limited to United States and foreign patents or pending patent applications that discuss or refer to any Patent-In-Suit or its disclosed subject matter.

**Response:**

GSK objects to this request as overbroad and unduly burdensome, in that it seeks documents not relevant to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to the request as overbroad and unduly burdensome, in that it seeks all documents that even "refer to" the Patents-In-Suit or even their disclosed subject matter, regardless of whether they have any relevance to the issues in this lawsuit. Furthermore, the request for foreign counterpart documents is overbroad because the patentability standards in foreign countries differ from the standards in the United States. GSK further objects to the extent this request seeks to make GSK conduct searches for public documents "citing or otherwise identifying" the Patents-In-Suit, for which Teva can search if it so desires. GSK further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to its Specific and General Objections, GSK will produce non-privileged documents that comprise the internal GSK prosecution files for the Patents-In-Suit, Related Applications, and any foreign counterparts to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 19:**

All documents and things concerning the subject matter disclosed or claimed in any of the Patents-In-Suit, Parent Applications, or foreign counterpart(s), including but not limited to, all documents and things concerning any aspect of the alleged conception, completion, reduction to practice (whether actual or constructive), or diligence in connection with such disclosed or claimed subject matter, including without limitation any prototypes, samples, models, and alternative and preferred embodiments of the alleged invention(s).

**Response:**

GSK objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. GSK further objects that this request is unlimited as to time, and therefore seeks documents not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. For example, this broad request seeks all documents concerning ropinirole at any time, and therefore seeks documents generated more than a decade after the patents issued and having nothing to do with any issue in this case, such as information concerning clinical trials and non-Parkinson's Disease indications. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents generated prior to the issuance of the Patents-In-Suit concerning the conception, reduction to practice, and experiments using the inventions claimed in the Patents-In-Suit to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 20:**

All documents and things concerning any search or investigation conducted by or on behalf of GSK or any Inventor, or any opinion sought by or on behalf of GSK or any Inventor concerning prior art or the state of the art concerning the subject matter disclosed or claimed in any of the Patents-In-Suit or any Parent Application or Related Application, including without limitation copies of all references, whether or not prior art, located as a result of any such search or investigation and copies of any reports or summaries of the results of any such search or investigation, as well as all correspondence with third parties concerning such prior art or the state of the art concerning such subject matter.

**Response:**

GSK objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. GSK further objects to this request as unduly burdensome in that it seeks publicly available documents. Subject to its Specific and General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 21:**

All documents and things concerning any opinion, investigation, study, or analysis concerning infringement, validity, or enforceability of any Patents-In-Suit, any Parent Application, any Related Application, or any foreign counterparts, including without limitation all draft or final versions of such an opinion, study, or analysis, and all documents and things considered by the provider of such opinion, study, or analysis, and all documents and things

-19-

concerning any assertion or claim that any of the Patents-In-Suit, any Parent Application, any Related Application, any foreign counterpart, or any claim thereof is invalid or unenforceable.

**Response:**

GSK objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. GSK objects to this request as overbroad, vague, and unanswerable, to the extent it asks for documents that were "considered." GSK further objects to this request as unduly burdensome in that it seeks publicly available documents. Subject to its Specific and General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 22:**

All documents and things concerning the validity or enforceability of the Patents-In-Suit or any foreign counterpart(s).

**Response:**

GSK objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. GSK further objects to this request as duplicative. GSK further objects to this request as vague, in that it purports to require GSK to determine which documents "concern" the validity or enforceability of the Patents-In-Suit. GSK further objects to this request as overbroad in that it seeks documents concerning the validity or enforceability of patents which are not at issue in this case. In particular, the patentability standards in foreign countries differ from the standards in the United States. Subject to its

Specific and General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 23:**

All copies of any letters, correspondence, or other documents challenging or questioning the validity, enforceability, or ownership of the Patents-In-Suit, including any notice letters from any company seeking to file an ANDA.

**Response:**

Subject to its General Objections, GSK will produce non-privileged documents responsive to this request, to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 24:**

All documents and things concerning any litigation, court action, administrative proceeding, arbitration, mediation, interference proceeding, reexamination request, reissue application, negotiation, opposition, or any other proceeding or dispute(s), whether within the United States or foreign, involving or concerning the ownership, validity, enforceability, or infringement of any of the Patents-In-Suit, Parent Applications, Related Applications or foreign counterpart(s), including without limitation all papers filed, served or submitted, pleadings, discovery requests and responses, copies of deposition transcripts, exhibits and copies of any prior art made known to GSK in the course thereof.

**Response:**

GSK objects to this request as overly broad and unduly burdensome in that it seeks "all documents and things concerning" litigation and other proceedings, whether or not such information is relevant to the present litigation. Subject to its Specific and General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 25:**

All documents and things concerning ownership of the Patents-In-Suit, or standing to sue relating to any of the Patents-In-Suit and Plaintiffs' allegations that Teva infringes the Patents-in Suit.

**Response:**

GSK objects that this request is overly broad and unduly burdensome in that, because of the overbroad definition of "concerning," there is a virtually limitless range of documents that "evidence" "reflect" and/or are "logically or factually connected" to GSK's ownership of the Patents-In-Suit. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents sufficient to show ownership of the Patents-In-Suit or standing to sue, to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 26:**

All documents and things concerning the preparation, filing, prosecution, and maintenance of the patent application(s) that issued as the Patents-In-Suit or any foreign counterpart(s).

**Response:**

GSK objects to this request as vague, overly broad, and unduly burdensome in that it seeks the production of foreign patent documents not relevant to any issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. The patentability standards in foreign countries differ from the standards in the United States. Accordingly, such documents are highly unlikely to be relevant, and GSK objects that the burden and expense placed upon GSK to identify and locate documents potentially responsive to this request outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(iii). Subject to its Specific and General Objections, GSK will produce non-privileged documents that comprise the internal GSK prosecution files for the Patents-In-Suit and foreign counterparts to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 27:**

All documents and things that have been asserted, characterized or identified by any person or entity (including the United States Patent & Trademark Office, any foreign patent office, and any party accused of infringement) as potential prior art to any of the Patents-In-Suit, any Parent Application, or any Related Application, and all documents constituting or concerning any communication of each such assertion, characterization or identification, including without limitation copies of any translations of any non-English art reference.

**Response:**

GSK objects to this request as overly broad and unduly burdensome. Subject to GSK's General Objections, GSK will produce non-privileged documents responsive to this request to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 28:**

All documents and things concerning any past, present, or proposed future relationship between an alleged Inventor of any of the Patents-In-Suit and any of the Plaintiffs (including subsidiary, parent, or other related company).

**Response:**

GSK objects to this request as overbroad in that it seeks "all documents and things concerning" the Inventors' relationships with GSK, including past employment relationships with GSK, regardless of whether they have anything to do with the Patents-In-Suit or the issues in this litigation. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents sufficient to show any employment or similar relationship between an alleged Inventor of any of the Patents-In-Suit and any of the Plaintiffs, to the extent they exist in GSK's files, can be located through a reasonable search, and concern the Inventors' work on the Patents-In-Suit.

**Document Request No. 29:**

All communications with the United States Food & Drug Administration ("FDA") concerning listing of the Patents-In-Suit in the Orange Book.

**Response:**

GSK objects to this request in that it seeks documents not relevant to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 30:**

All documents and things concerning any analysis relating to listing the Patents-In-Suit in the FDA Orange Book.

**Response:**

GSK objects to this request in that it seeks documents not relevant to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to this request as seeking documents protected by the attorney-client privilege and the work product doctrine. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 31:**

All documents and things sufficient to show every regulatory filing related to seeking approval to investigate and/or market pharmaceutical products that fall within the scope of the Patents-In-Suit or any foreign counterpart(s).

**Response:**

GSK objects to this request as overly broad and unduly burdensome in that it seeks documents not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. GSK objects to this request to the extent it seeks information regarding regulatory filings unrelated to the treatment of Parkinson's Disease. Subject to its Specific and General Objections, GSK will produce documents sufficient to identify all United States

regulatory filings concerning the Patents-In-Suit that relate to the treatment of Parkinson's

Disease.

## Document Request No. 32:

All documents and things concerning any NDA, IND, or foreign equivalent of these U.S.

regulatory filings that seek approval to investigate and/or market pharmaceutical products that

fall within the scope of the Patents-In-Suit or any foreign counterpart(s) filed or sponsored by

any entity with a license to the Patents-In-Suit or any foreign counterpart(s).

**Response:**

GSK objects to this request as overly broad and unduly burdensome in that it seeks

documents not relevant to this litigation and is not reasonably calculated to lead to the discovery

of admissible evidence. In particular, this request seeks "all documents and things concerning"

United States and foreign regulatory filings that contain voluminous information (including,

without limitation, confidential clinical trial information) that is not related to any issue in this

case. GSK further objects to this request to the extent it seeks documents protected by the

attorney-client privilege or the work product doctrine. Subject to its Specific and General

Objections, GSK will produce the table of contents for the United States NDA and IND and will

otherwise meet and confer with Teva concerning the scope of this request.

## Document Request No. 33:

All documents and things concerning tests, studies, investigations, analyses, papers, or

additional regulatory filings, cited in Plaintiffs' NDA No. 20-658.

**Response:**

GSK objects to this request as overly broad and unduly burdensome in that it seeks documents not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. In particular, this request seeks "all documents and things concerning" United States and foreign regulatory filings that contain voluminous information (including, without limitation, confidential clinical trial information) that is not related to any issue in this case. GSK further objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to its Specific and General Objections, GSK will produce the table of contents for the United States NDA and IND and will otherwise meet and confer with Teva concerning the scope of this request.

**Document Request No. 34:**

All documents and things concerning any pre-filing investigation performed by or on behalf of Plaintiffs prior to filing this action.

**Response:**

GSK objects to this request as vague and unanswerable in that the term "pre-filing investigation" is undefined. GSK further objects to this request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files, can be located through a reasonable search, and concern the validity or enforceability of the Patents-In-Suit.

**Document Request No. 35:**

     All documents and things concerning any consummated or proposed assignment, license or other transfer of rights, covenant not to sue, contingent or future interest or other interest in or concerning any of the Patents-In-Suit, Parent Applications, Related Applications, or foreign counterpart(s).

**Response:**

     GSK objects to this request as overbroad and unduly burdensome, in that neither the rights to Parent Applications, Related Applications and foreign counterparts, nor unconsummated transfers of rights in the Patents-In-Suit are at issue in this litigation. Therefore, the request seeks documents that are not relevant to any issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. GSK objects to the request as overbroad in that it seeks all documents "concerning" the listed items, without regard to whether such documents have any relevance to any issue in this case. Subject to its General Objections, GSK will produce non-privileged copies of consummated assignments of the Patents-In-Suit to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 36:**

     All documents and things concerning any offer of or request for an assignment, license or other transfer of rights, covenant not to sue, contingent or future interest or other interest in or concerning any of the Patents-In-Suit, Parent Applications, Related Applications, or foreign counterpart(s).

**Response:**

GSK objects to this request as overbroad and unduly burdensome, in that neither rights to Parent Applications, Related Applications and foreign counterparts, nor unconsummated "requests" for certain rights regarding the Patents-In-Suit are at issue in this litigation. Therefore, the request seeks documents that are not relevant to any issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its General Objections, GSK will produce non-privileged copies of consummated assignments of the Patents-In-Suit to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 37:**

All communications with the alleged Inventors of the Patents-In-Suit, or any other witness in this action.

**Response:**

GSK objects to this request as overly broad and unduly burdensome, in that it seeks "all communications" with the Inventors and other witnesses, regardless of whether they have any relevance to any issue in this case. Because the Inventors and other potential witnesses were or are GSK employees, these communications could concern any number of topics having nothing to do with the Patents-In-Suit. GSK further objects to the extent this request seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files, can be located through a reasonable search, and reflect

communications with the Inventors concerning the conception, reduction to practice, and experiments using the inventions claimed in the Patents-In-Suit.

### Document Request No. 38:

Organizational charts and documents sufficient to identify the management structure for every asserted assignee of the Patents-In-Suit, including without limitation that of GSK, from the time of ownership to the present day.

**Response:**

GSK objects to this request as overly broad and unduly burdensome, in that it seeks charts and documents relating to all departments, including departments with no involvement with the development of the inventions claimed in the Patents-In-Suit. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents sufficient to identify individuals with material involvement prior to the issuance of the Patents-In-Suit with the research and development of the inventions claimed in the Patents-In-Suit, to the extent they exist in GSK's files and can be located through a reasonable search.

### Document Request No. 39:

All documents and things mentioning, discussing or referring to Teva concerning ropinirole or ropinirole hydrochloride.

**Response:**

GSK objects to this request as overbroad, in that it is not limited as to time and seeks documents post-dating Teva's Patent Certification Notice to GSK regarding ANDA 77-460. GSK further objects to this request as overbroad in that it seeks documents that are not relevant

to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to this request as seeking documents protected by the attorney-client privilege and work product doctrine. Subject to its General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 40:**

All documents and things concerning any actual or potential financial interest in the outcome of this litigation held by any entit(y)(ies) other than Plaintiffs and any communications concerning any such interest.

**Response:**

GSK objects to this request in that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 41:**

Copies of all testimony given by any person identified by Plaintiffs in any response to a discovery request or in Plaintiffs' initial disclosures, including without limitation testimony at trial or deposition, and testimony by declaration and affidavit, as well as all exhibits or demonstratives used in connection with such testimony.

**Response:**

GSK objects to this request as extremely overbroad, in that it seeks testimony given by all identified persons in any trial or deposition, without regard to whether the testimony concerned the Patents-In-Suit. As such, this request seeks documents that are not relevant to any issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files, can be located through a reasonable search, and concern the Patents-In-Suit.

**Document Request No. 42:**

Copies of each annual report, 10k, or other periodic (e.g., annual) audited financial accounting, report, statement, or summary for every asserted assignee of the Patents-In-Suit or any foreign counterpart(s), including without limitation those of GSK, from the time of filing of the Patents-In-Suit to the present.

**Response:**

GSK objects that this request is vague, overbroad and unduly burdensome, in that it seeks every "report" "statement" or "summary" for each assignee of the Patents-In-Suit for more than a decade, regardless of whether they have any relevance to any issue in this case. Accordingly, this request seeks documents that are not relevant to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Specific and General Objections, GSK will produce the 10k for each of the assignees for each year from the date Requip was first marketed in the United States, to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 43:**

All documents and things concerning any actual or proposed settlement or resolution of any allegation of infringement of the Patents-In-Suit.

**Response:**

GSK objects to this request as overbroad, in that it seeks documents that are not relevant to this case, and is not calculated to lead to the discovery of admissible evidence. Subject to its General Objections, GSK will produce non-privileged documents to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 44:**

All documents and things concerning any royalties paid under any of the Patents-In-Suit.

**Response:**

Subject to its General Objections, GSK will produce non-privileged documents to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 45:**

All documents and things concerning any alleged secondary considerations of non-obviousness as defined in Graham v. John Deere Co., of Kansas City, 383 U.S. 1 (1966), and subsequent Federal Circuit caselaw.

**Response:**

GSK objects to this request as overly broad and unduly burdensome in that it seeks "all documents and things concerning" secondary considerations. Subject to its General and Specific Objections, GSK will produce non-privileged responsive documents sufficient to show relevant

secondary considerations, to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 46:**

A copy of the document retention policies for every assignee of the Patents-in-Suit from the time of ownership to the present day.

**Response:**

GSK objects to this request as overbroad, in that it seeks documents not relevant to any issue in this case, and is not calculated to lead to the discovery of admissible evidence. Subject to its General and Specific Objections, GSK will produce such policies in effect from the date of Teva's Patent Certification Notice to GSK regarding ANDA 77-460.

**Document Request No. 47:**

All documents relating to the ownership of the patent-in-suit or any foreign counterpart including any contracts, correspondence, drafts, relating to any conveyance of rights.

**Response:**

GSK objects to this request as overbroad and unduly burdensome, in that rights to foreign counterparts are not at issue in this litigation. Accordingly, this request seeks documents not relevant to any issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its General Objections, GSK will produce non-privileged responsive documents sufficient to show the ownership of the Patents-In-Suit to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 48:**

All publications, including patents, for which the inventor of the patent-in-suit is a co-author.

**Response:**

GSK objects to this request as overbroad and unduly burdensome, in that it seeks documents having nothing to do with the Patents-In-Suit or any other issue in this litigation. GSK further objects to the extent that the request seeks "publications, including patents" which are public documents, and for which Teva can search itself. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents to the extent they exist in GSK's files and can be located through a reasonable search.

**Document Request No. 49:**

Documents sufficient to show any payments, compensation, royalties paid to or on behalf of the Inventor(s) by any plaintiff (or subsidiary, parent, or other related company).

**Response:**

GSK objects to this request as overbroad and unduly burdensome in that it seeks documents regarding all payments to current and former GSK employees, regardless of whether they have any relevance to the Patents-In-Suit. Accordingly, this request seeks documents not relevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its Specific and General Objections, GSK will produce non-privileged responsive documents sufficient to show royalties or other compensation directly tied to the Patents-In-Suit, to the extent they exist in GSK's files, can be located through a reasonable search.

SMITH KLINE & FRENCH LABORATORIES
LIMITED AND SMITHKLINE BEECHAM
CORPORATION, D/B/A GLAXOSMITHKLINE
By their attorneys,

William G. McElwain, Esq.
Henry N. Wixon, Esq.
Amy K. Wigmore, Esq.
Michael Gordon, Esq.
Mark L. Rienzi, Esq.
WILMER, CUTLER, PICKERING,
HALE AND DORR LLP
The Willard Office Building
1455 Pennsylvania Avenue, NW
Washington, DC 20004
Phone:  (202) 942-8400
Fax:    (202) 942-8484

William F. Lee, Esq.
WILMER, CUTLER, PICKERING,
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone:  (617) 526-6000

Patricia Smink Rogowski, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 1107 North Orange Street
Wilmington, DE 19801
Phone:  (302) 658-9141
Fax :  (302) 658-5614

-36-