# Exhibit B

Case 1:05-cv-00197-GMS   Document 57-3   Filed 06/01/2006   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITH KLINE & FRENCH LABORATORIES, LTD, and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS U.S.A., INC.,<br><br>Defendant. | Civil Action No: 05-197 GMS |

## DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S NOTICE OF DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE

PLEASE TAKE NOTICE THAT, beginning on May 4, 2006 at 9:00 A.M. at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Washington, D.C. 20005, or at another mutually agreed upon place and time, Defendant Teva Pharmaceuticals U.S.A., Inc. ("Teva"), will take the deposition of Plaintiffs Smith Kline & French Laboratories, Ltd. and SmithKline Beecham Corp., d/b/a GlaxoSmithKline (collectively "GSK") as represented by the person(s) most knowledgeable with respect to the subject matter topics identified below and designated to testify on GSK's behalf, pursuant to Fed. R. Civ. P. 30(b)(6).

The oral examination will be taken before a notary public or other person authorized to administer oaths, and will be recorded by stenographic means and/or videotape. You are invited to attend and participate.

## TOPICS

1. The facts and circumstances regarding the conception and reduction to practice (if any) of the claims of the Patents-in-Suit and the development of the subject matter claimed in United States Patent Nos. 4,452,808 ("the '808 patent") and 4,824,860 ("the '860 patent") (collectively, "Patents-in-Suit") from conception up until the time of the filing of the respective applications from which the Patents-in-Suit issued.

2. All testing, studies or analysis of compounds covered by the claims of the Patents-in-Suit performed after the applications from which the Patents-in-Suit issued were filed.

3. All testing, studies, or analysis of compounds covered by the claims of the United States Patent No. 4,314,944 ("the '944 patent").

4. The facts and circumstances surrounding the decision to file a new drug application for ropinirole as a treatment for Parkinson's Disease including the basis for deciding to pursue the ropinirole compound instead of other compounds covered by either the '808 patent or the '944 patent.

5. The facts and circumstances related to any claim that the invention(s) claimed in the Patents-in-Suit are non-obvious based on their "commercial success" as defined in *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

6. The facts and circumstances related to the market for ropinirole from the product launch until present.

7. Customers, revenues, and profits related to sales of ropinirole for treating Parkinson's Disease.

8. Expenses and costs related to sales of ropinirole for treating Parkinson's Disease.

9. Information related to customer purchase decisions related to ropinirole for treating Parkinson's Disease including any survey data.

10. The facts and circumstances related to any assertion of secondary considerations of non-obviousness ( as defined in *Graham v. John Deere Co.*, 383 U.S. 1 (1966)) other than

2

commercial success, including any assertion of failure of others, unexpected results, or long felt need.

11. All tests, analysis and studies of the compounds claimed in claim 1 of the '808 patent in which "$R^1$," "$R^2$," or "$R^3$," is a "$C_{1-4}$ lower alkyl".

12. All tests, analysis and studies of the compounds claimed in claim 1 of the '808 patent where "R" is anything other than "di-n-propylamino."

13. All tests, analysis and studies of the compounds described in claim 1 of the '860 patent in which "$R^3$," is a "hydroxy."

14. All attempts to develop methods of treatment using compounds claimed in the '808, '860 or '944 patents for indications other than Parkinson's Disease.

15. Any opinions, analyses, or evaluations of the claim scope, validity, enforceability or potential infringement of the Patents-in-Suit.

16. All documents and things related to the foregoing topics.

17. All persons known to have knowledge of the foregoing topics other than knowledge derived from involvement in this lawsuit.

3

Date: April 5, 2006                    Respectfully submitted,

*[signature: Charanjit Brahma]*

Josy W. Ingersoll
John W. Shaw
Monte T. Squire
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:    (302) 571-6600


Jay P. Lefkowitz
Karen M. Robinson
Charanjit Brahma
Steven A. Engel
Corey J. Manley
**KIRKLAND & ELLIS LLP**
655 Fifteenth St., N.W.
Suite 1200
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200


*Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I, Karen M. Robinson, counsel for Defendant Teva Pharmaceuticals U.S.A., Inc., caused copies of DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S NOTICE OF DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE, to be served, via facsimile and Federal Express, on the date listed below, to:

> Patricia Smink Rogowski, Esq. (Bar I.D. 2632)
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building, 1107 North Orange Street
> Wilmington, DE 19801
> Phone: (302) 658-9141
> Fax: (302) 658-5614
>
> William F. Lee, Esq.
> WILMER, CUTLER, PICKERING, HALE AND DORR LLP
> 60 State Street
> Boston, MA 02109
> Phone: (617) 526-6000
> Fax: (617) 526-5000
>
> William G. McElwain, Esq.
> WILMER, CUTLER, PICKERING, HALE AND DORR LLP
> The Willard Office Building
> 1455 Pennsylvania Avenue, NW
> Washington, DC 20004
> Phone: (202) 942-8400
> Fax: (202) 942-8484
>
> *Attorneys for Plaintiffs*
> *Smith Kline & French Laboratories, Ltd. and*
> *SmithKline Beecham Corp., d/b/a GlaxoSmithKline*

Dated: April 5, 2006