**EXHIBIT G**

WILMERHALE

May 30, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

VIA FACSIMILE AND U.S. MAIL

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:     *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a
GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

I write in response to several discovery issues in the above-captioned matter. We do not
believe that there are major discovery issues in dispute between the parties. We are available to
discuss these topics with you in an effort to narrow the issues that require court intervention or
perhaps obviate the need for such intervention. As I mentioned in a message left earlier today,
we are available for a teleconference tomorrow afternoon. Please let us know your availability
for a call to confer regarding discovery matters.

GSK's Discovery Responses

We first want to address several issues you have raised regarding GSK's discovery
responses.

    A.     Depositions of GSK Witnesses

In the course of discovery, GSK has been responsive and accommodating with respect to
scheduling the depositions of GSK witnesses. As you know, GSK has responded promptly to
informal requests for the deposition of GSK witnesses. In addition, GSK assisted with the
scheduling of depositions of former employees and a non-party witness (Dr. Costall), including
voluntarily making United Kingdom residents available for deposition in the United States.
Nonetheless, due to the timing of Teva's requests for certain depositions and Teva's cancellation
of the previously scheduled deposition of Kevin Reeves, GSK must now produce witnesses for
deposition beyond the discovery period.

    Teva's Recent Requests for Depositions. Specifically, in recent days, Teva sought four
GSK depositions: (1) Robert DeMarinis; (2) William Edgerton; (3) Peter Giddings; and (4) a
Rule 30(b)(6) deposition of GSK relating to patent prosecution issues. You have withdrawn
your request to depose Mr. DeMarinis, and Mr. Edgerton is deceased. Teva could have noticed
the final two depositions many months ago, and Teva has offered no justification for waiting

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 2

until the close of the discovery period to seek these depositions. *See, e.g.,* October 3, 2005 Response of GSK to Teva's First Set of Interrogatories (identifying Peter Giddings as a person involved in the prosecution of the '860 patent). Nevertheless, GSK will not oppose the deposition of Mr. Giddings. We will confer with Mr. Giddings regarding his availability and get back to you soon.

Regarding the Rule 30(b)(6) deposition that you noticed on May 23, we suggest that such a deposition is unnecessary with respect to the prosecution of the patents-in-suit. GSK has already produced the internal patent prosecution files for both the '808 and '860 patents. There is no current GSK employee with firsthand knowledge of the filing and prosecution of the '808 patent. Thus, in order to prepare a witness on this topic, GSK would provide a witness having no relevant personal knowledge with the same files that Teva possesses on this topic. We do not believe such a deposition would provide Teva with any relevant information not already in its possession. With respect to the '860 patent, you will be deposing Mr. Giddings. We are not aware of any other current GSK employees having any relevant, personal knowledge about the filing or prosecution of the '860 patent. As with the '808 patent, none of the attorneys who prosecuted the '860 patent are still employed by GSK. Consequently, we believe that a Rule 30(b)(6) deposition relating to prosecution of the patents-in-suit is unnecessary. Please let us know if you disagree.

Kevin Reeves Deposition. As you know, on May 10 Teva agreed to conduct the Rule 30(b)(6) deposition of Mr. Reeves on May 31. Last week, you informed us that Teva would not be available to depose Mr. Reeves on the agreed-upon date, thus requiring that this deposition be scheduled after the end of the discovery period. Nevertheless, we will confer with the witness about his availability and get back to you shortly.

Teva's First Rule 30(b)(6) Notice to GSK. The only other outstanding issue regarding GSK depositions relates to certain topics contained in Teva's first Rule 30(b)(6) notice to GSK. Teva has noticed several Rule 30(b)(6) topics (e.g. Topics 2, 3, 11, 12, and 13) that are so overly broad and/or vague that GSK is unable to discern what information Teva seeks or whether a dispute exists between the parties with respect to the information sought. We refer you to GSK's written objections and responses to Teva's Rule 30(b)(6) deposition notice as well as recent correspondence seeking clarification from Teva regarding the scope of certain noticed topics. *See* May 22, 2006 letter from Gordon to Brahma. As we have explained, it would be impossible to prepare a witness to testify as to these overly broad topics that cover, for example, "all" testing and studies performed on compounds over a long time period.

More importantly, Teva has already received deposition testimony from the persons most knowledgeable regarding the inventions claimed in the patents-in-suit and the testing and development of ropinirole hydrochloride. These persons include the inventors (Mr. Gallagher and Mr. Owen), other GSK employees and former employees with relevant knowledge,

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 3

(Mr. Eden, Mr. Hieble, Mr. Huffman, and Ms. Harvey), a third party witness (Dr. Costall), and Rule 30(b)(6) designees on topics regarding the claimed inventions and the development of ropinirole hydrochloride. In addition, GSK has produced voluminous documentation on these issues and is in the process of producing material relating to IND and NDA filings for ropinirole hydrochloride. We believe that the information Teva has received through depositions and other discovery responses is sufficient to meet your needs for information relevant to this litigation, at least in the absence of a description of specific subject matters within the broad categories of your notice that would allow us to identify and prepare an appropriate witness.

There are several additional Rule 30(b)(6) topics that we would like to address individually.

Topic 14. Topic 14 seeks testimony regarding "all attempts to develop methods of treatment using compounds claimed in the '808, '860, or '944 patents for indications other than Parkinson's Disease." This topic is objectionable insofar as it encompasses compounds and claims other than those at issue in this lawsuit. In addition, as we informed you on May 22, 2006, this topic is not only overly broad but also so vague as to make preparation of a witness impossible. *See* May 22, 2006 letter from Gordon to Brahma. It is impossible to produce a witness on this topic because it is unclear what is meant by "all attempts" to develop a treatment. For example, it is unclear whether this topic addresses research efforts, regulatory filings, marketing efforts, other "attempts to develop," or all of the above. In addition, it is unclear what an "attempt" refers to in this context.

Moreover, GSK has received FDA approval with respect to only two indications, Parkinson's Disease and Restless Leg Syndrome, and GSK is producing material to Teva regarding the relevant regulatory filings related to these approvals. In addition, GSK has produced all documents located after a reasonably diligent search relating to the development of ropinirole prior to the filing date of the '860 application (including meeting minutes of the project team that addressed both ropinirole and SK&F compound number 89124, which is claimed by the '944 patent). Further, Teva has had the opportunity to depose the project team leader and others who were involved in the development of the compound prior to the '860 filing. Given the regulatory filings we are producing and the documents and deposition testimony that has been provided on the early development of ropinirole, we do not believe any additional testimony is necessary or relevant and, in any event, preparing a witness on such a hopelessly broad topic would be infeasible.

Topic 15. Topic 15 calls for privileged attorney-client communications and/or work product regarding the patents-in-suit and is thus an improper topic. In addition, Teva has raised no claim in this matter that would render such opinions subject to discovery.

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 4

Topics 16 and 17. These topics seek testimony regarding "all documents" and "all persons known to have knowledge" related to any of the Rule 30(b)(6) topics noticed. Such requests are duplicative of previous discovery, overly broad, unduly burdensome, and not reasonably calculated to lead to discoverable evidence. Such information is more appropriately sought through interrogatories or document requests, and GSK has already provided responses to Teva's multiple sets of written discovery requests.

B.    GSK's Responses to Teva's Document Requests

Production of NDA and IND Information. As you know, GSK has agreed to produce to Teva, on a rolling basis, certain IND and NDA material related to products containing ropinirole hydrochloride that have been approved by the FDA. *See* May 26, 2006 letter from Gordon to Brahma. This production began last week. As you know, these materials are extremely voluminous and contain an enormous amount of information that is completely unrelated to any of the issues in this litigation. Nonetheless, GSK undertook the significant burden of reviewing these regulatory filings, a review that requires careful redaction of certain irrelevant information such as confidential clinical trial information. Contrary to your allegations of "stonewalling" by GSK, GSK has worked diligently to review this material.

We have provided you with the table of contents for the initial filing for IND 31,712, IND 63,172, and NDA 20-658, the three FDA filings related to approved products containing ropinirole hydrochloride. GSK does not have a table of contents for the supplemental submissions that followed the initial filing. We do, however, have annual reports for each year that summarize the relevant information annually. We will provide you with these annual reports for your review. We believe that this should provide Teva with sufficient information about these regulatory filings.

Documents Related to Compounds Other Than Ropinirole Hydrochloride. You have inquired about GSK's responses to document requests relating to compounds that fall within the scope of the claims of the patents-in-suit. *See* Teva' First Set of Requests for Production of Documents and Things, Requests 14 and 19. Subject to GSK's responses and objections to these requests, GSK, after a reasonable search, has produced all documents responsive to these requests. We do not believe there is a dispute between the parties with respect to these requests, but please let us know if you disagree.

Documents Relating to the Testing of Ropinirole Hydrochloride. You have inquired about GSK's responses to document requests relating to the testing and analysis of ropinirole hydrochloride. *See* Teva' First Set of Requests for Production of Documents and Things, Requests 14, 15, and 19. GSK conducted a reasonable search for these materials, and subject to GSK's responses and objections to these requests, GSK produced all responsive documents, including any responsive portions of laboratory notebooks that were located. In light of the

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 5

concerns you raised in your May 24 letter, we are investigating whether there are any additional responsive laboratory notebooks of Mr. Hieble that were not previously produced.

Contract Between Smith Kline & French and the University of Bradford. GSK conducted a diligent search for a written contract between Smith Kline & French and the University of Bradford regarding the work performed by Professor Costall's lab on ropinirole hydrochloride, but no contract was found.

GSK's Privilege Log. You inquired about the basis for certain redactions not included on the installments of GSK's privilege log produced to date. We note that the extensive privilege logs produced to date contain information about numerous redactions made by GSK on privilege grounds. GSK will produce a privilege log shortly that includes the basis for any redacted documents not listed on prior logs.

Teva's Discovery Responses

In an effort to resolve all outstanding discovery issues, we want to address several issues regarding Teva's discovery responses.

A.    Depositions of Teva Witnesses

Despite repeated requests from GSK, Teva still has not proposed a date for two of the depositions of Teva witnesses, and therefore these depositions will have to be scheduled after the close of the discovery period.

Rule 30(b)(6) Deposition of Teva. On March 22, 2006, we provided Teva with a list of topics for the Rule 30(b)(6) deposition of Teva. On March 31, you promised to get back to us within a few days regarding the identification and availability of Teva's Rule 30(b)(6) designees. See March 31, 2006 letter from Rienzi to Robinson. Teva still has not informed GSK when it will make a witness available with respect to one of the noticed topics, Topic 3. Please promptly let us know when Teva will make a witness available to testify on this topic.

Chris Erb Deposition. In addition, Teva has not yet notified GSK when Chris Erb will be available for deposition. As you know, when you notified us that Laurie Gery, previously noticed for deposition, was unavailable, we informed you that GSK is willing to substitute Chris Erb for Ms. Gery with the hope that deposing Ms. Gery will be unnecessary. See May 22, 2006 letter from Gordon to Brahma. Please promptly let us know when this deposition can take place.

Ann Payne Deposition. On May 8, we served a notice to depose Ann Payne. You informed us that Ms. Payne is not available until June 2, but that she will testify on that date in her individual capacity and as a Rule 30(b)(6) designee (with respect to Topic 6). We agreed to

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 6

conduct the deposition of Ms. Payne on June 2. Please confirm that this deposition will take place at the offices of Drinker Biddle in Philadelphia at 9:00 am on June 2.

B.    Teva's Responses to GSK's Document Requests

_Teva's Redacted Documents._ Teva has produced numerous documents with redactions but to date has not provided GSK with a basis for withholding any of the redacted material. Please promptly provide a basis for Teva's redactions.

_Teva's Responses to GSK's Document Requests._ On March 7, GSK requested that Teva clarify its responses to GSK's first set of document requests so that GSK can determine which categories of documents Teva agreed to produce. _See_ March 7, 2006 letter from Gordon to Brahma. Specifically, many of Teva's responses conclude with a promise to produce "relevant non-privileged documents." _See, e.g.,_ Response No. 10. The use of the word "relevant," rather than "responsive," raises the question whether Teva is withholding non-privileged documents that are responsive to GSK's requests, but are judged by Teva to be irrelevant. Accordingly, we asked you to clarify whether Teva has produced all responsive non-privileged documents in its possession, or something less. During a March 31 meet and confer session, we renewed this request, and Teva agreed to review its responses and clarify if there are specific categories of documents Teva is refusing to produce on relevance or other grounds. Teva has not done so, and thus GSK is unable to assess the adequacy of Teva's response to these discovery requests. Please promptly respond to this request.

Please let us know your availability to confer regarding these discovery issues.

Regards,

Michael E. Gordon