**EXHIBIT J**

WILMERHALE

June 1, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

<u>VIA FACSIMILE AND U.S. MAIL</u>

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:  *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 05-197 (D. Del.)

Dear Charan:

I am writing to follow up on our call yesterday regarding various discovery matters. Please let me know if you believe anything below is incorrect.

A.  May 31 Fact Discovery Deadline

- The parties have agreed that each side will respond to discovery requests and deposition notices issued prior to the May 31 fact discovery deadline (with the exception of certain Rule 30(b)(6) topics that remain in dispute, as indicated below), notwithstanding the fact that these responses and depositions will occur after the deadline. The parties further agreed that conducting this discovery after May 31 does not constitute an extension of the deadline that would permit additional discovery to be served.

B.  Depositions of GSK Witnesses

- GSK has agreed to produce Kevin Reeves and Peter Giddings for deposition. Mr. Reeves is available for deposition on June 29 in Washington, D.C. We will confer with Mr. Giddings about his availability and get back to you when we have a proposed date for his deposition.

- The parties agreed to continue negotiating regarding several topics in Teva's first Rule 30(b)(6) notice with the hope of resolving any issues without court intervention. GSK considers the topics as noticed to be overly broad and vague, and GSK believes that the information Teva has received through depositions and other discovery responses is sufficient to meet your needs for information relevant to this litigation. GSK invited Teva to identify the specific issues as to which Teva seeks additional

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Baltimore  Beijing  Berlin  Boston  Brussels  London  Munich  New York  Northern Virginia  Oxford  Palo Alto  Waltham  Washington

USIDOCS 5684258v1

WILMERHALE

Charanjit Brahma
June 1, 2006
Page 2

information. Teva agreed to specify in writing the particular categories of information that Teva is seeking.

- GSK stated that it will not produce a witness to testify regarding topics 16 and 17 in Teva's first Rule 30(b)(6) notice. We refer you to our written objections and responses and previous correspondence describing the basis for GSK's refusal to produce a witness on these topics.

- The parties agreed that neither side will pursue deposition testimony on the following Rule 30(b)(6) topics: Topic 5 of GSK's notice to Teva, and Topic 15 of Teva's notice to GSK. Each party has objected to the noticed topic as calling for protected attorney client communications and work product.

- With respect to Teva's second Rule 30(b)(6) notice, you have asked whether we will identify the documents produced by GSK that constitute the internal patent prosecution files for the '808, '860, and '944 patents. To the extent GSK has not produced patent prosecution files for the '944 patent, you have asked whether we will produce these files to Teva. We are considering these matters and will get back to you promptly.

C.  GSK's Document Production

- NDA and IND material. GSK will continue its production of certain NDA and IND material, as described in prior correspondence. GSK expects to complete the production of this material by the end of June and perhaps sooner.

- Documents Relating to the Testing of Ropinirole Hydrochloride. Teva requested that GSK produce all lab notebooks reflecting testing done on ropinirole hydrochloride that were authored by Mr. Hieble or other pharmacologists mentioned by Mr. Hieble in his deposition. GSK will get back to you shortly regarding this matter.

- Documents Relating to Compounds Other Than Ropinirole Hydrochloride. As noted above, GSK believes that the documents and information produced are sufficient to meet Teva's needs for information relevant to this litigation. GSK invited Teva to specify particular categories of information that it is seeking from GSK relating to compounds other than ropinirole hydrochloride that are covered by the patents-in-suit. Teva agreed to specify in writing the particular categories of information that Teva is seeking.

D.  Depositions of Teva Witnesses

- Ann Payne was scheduled to be deposed (in her individual capacity and as a corporate designee on Topic 6 of GSK's Rule 30(b)(6) notice) on June 2. You informed us

WILMERHALE

Charanjit Brahma
June 1, 2006
Page 3

yesterday that Teva has not yet completed its production of documents but expects to do so early next week. You are not certain what the volume of this final production will be, but it could be as many as several boxes of documents. Some of these documents relate to the noticed topic for which Ms. Payne is Teva's corporate designee. In light of this and to avoid the possibility of multiple depositions of Ms. Payne, the parties agreed to reschedule Ann Payne's deposition to occur after Teva's document production is complete. We subsequently agreed yesterday that Ms. Payne's deposition will occur on June 14.

- Teva has not yet identified a witness to testify regarding Topic 3 of GSK's Rule 30(b)(6) notice. You have asked whether GSK will consider not seeking testimony on this topic. We will get back to you shortly regarding this issue.

- Teva has not proposed a date for Ms. Erb's deposition but agreed to do so shortly.

E.   Teva's Document Production

- Teva agreed to provide, in writing, a basis for the redactions appearing on the documents produced by Teva.

- GSK inquired about the use of the word "relevant" in Teva's responses to GSK's document requests. You stated your belief that the use of "relevant" did not result in any limitation on the production of documents otherwise promised in Teva's responses. Teva agreed to confirm this in writing.

Please call me if you have any questions about these issues.

Regards,

*[signature]*

Michael Gordon

USIDOCS 5684258v1