# EXHIBIT O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SMITH KLINE & FRENCH LABORATORIES, LTD, and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE, | ) ) ) ) | Civil Action No: 05-197 GMS |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| TEVA PHARMACEUTICALS U.S.A., INC., | ) ) |  |
| Defendant. | ) ) |  |

## DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S NOTICE OF DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE

PLEASE TAKE NOTICE THAT, beginning on May 4, 2006 at 9:00 A.M. at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Washington, D.C. 20005, or at another mutually agreed upon place and time, Defendant Teva Pharmaceuticals U.S.A., Inc. ("Teva"), will take the deposition of Plaintiffs Smith Kline & French Laboratories, Ltd. and SmithKline Beecham Corp., d/b/a GlaxoSmithKline (collectively "GSK") as represented by the person(s) most knowledgeable with respect to the subject matter topics identified below and designated to testify on GSK's behalf, pursuant to Fed. R. Civ. P. 30(b)(6).

The oral examination will be taken before a notary public or other person authorized to administer oaths, and will be recorded by stenographic means and/or videotape. You are invited to attend and participate.

## TOPICS

1.    The facts and circumstances regarding the conception and reduction to practice (if any) of the claims of the Patents-in-Suit and the development of the subject matter claimed in United States Patent Nos. 4,452,808 ("the '808 patent") and 4,824,860 ("the '860 patent") (collectively, "Patents-in-Suit") from conception up until the time of the filing of the respective applications from which the Patents-in-Suit issued.

2.    All testing, studies or analysis of compounds covered by the claims of the Patents-in-Suit performed after the applications from which the Patents-in-Suit issued were filed.

3.    All testing, studies, or analysis of compounds covered by the claims of the United States Patent No. 4,314,944 ("the '944 patent").

4.    The facts and circumstances surrounding the decision to file a new drug application for ropinirole as a treatment for Parkinson's Disease including the basis for deciding to pursue the ropinirole compound instead of other compounds covered by either the '808 patent or the '944 patent.

5.    The facts and circumstances related to any claim that the invention(s) claimed in the Patents-in-Suit are non-obvious based on their "commercial success" as defined in *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

6.    The facts and circumstances related to the market for ropinirole from the product launch until present.

7.    Customers, revenues, and profits related to sales of ropinirole for treating Parkinson's Disease.

8.    Expenses and costs related to sales of ropinirole for treating Parkinson's Disease.

9.    Information related to customer purchase decisions related to ropinirole for treating Parkinson's Disease including any survey data.

10.    The facts and circumstances related to any assertion of secondary considerations of non-obviousness ( as defined in *Graham v. John Deere Co.*, 383 U.S. 1 (1966)) other than

2

commercial success, including any assertion of failure of others, unexpected results, or long felt need.

11.    All tests, analysis and studies of the compounds claimed in claim 1 of the '808 patent in which "$R^1$," "$R^2$," or "$R^3$," is a "$C_{1-4}$ lower alkyl".

12.    All tests, analysis and studies of the compounds claimed in claim 1 of the '808 patent where "R" is anything other than "di-n-propylamino."

13.    All tests, analysis and studies of the compounds described in claim 1 of the '860 patent in which "$R^3$," is a "hydroxy."

14.    All attempts to develop methods of treatment using compounds claimed in the '808, '860 or '944 patents for indications other than Parkinson's Disease.

15.    Any opinions, analyses, or evaluations of the claim scope, validity, enforceability or potential infringement of the Patents-in-Suit.

16.    All documents and things related to the foregoing topics.

17.    All persons known to have knowledge of the foregoing topics other than knowledge derived from involvement in this lawsuit.

Date:  April 5, 2006                    Respectfully submitted,


_Charanjit Brahma_

Josy W. Ingersoll
John W. Shaw
Monte T. Squire
**YOUNG CONAWAY STARGATT
& TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone:     (302) 571-6600


Jay P. Lefkowitz
Karen M. Robinson
Charanjit Brahma
Steven A. Engel
Corey J. Manley
**KIRKLAND & ELLIS LLP**
655 Fifteenth St., N.W.
Suite 1200
Washington, D.C.  20005
Telephone:     (202) 879-5000
Facsimile:     (202) 879-5200


*Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I, Karen M. Robinson, counsel for Defendant Teva Pharmaceuticals U.S.A., Inc., caused copies of DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S NOTICE OF DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE, to be served, via facsimile and Federal Express, on the date listed below, to:

> Patricia Smink Rogowski, Esq. (Bar I.D. 2632)
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building, 1107 North Orange Street
> Wilmington, DE 19801
> Phone: (302) 658-9141
> Fax: (302) 658-5614
>
> William F. Lee, Esq.
> WILMER, CUTLER, PICKERING, HALE AND DORR LLP
> 60 State Street
> Boston, MA 02109
> Phone: (617) 526-6000
> Fax: (617) 526-5000
>
> William G. McElwain, Esq.
> WILMER, CUTLER, PICKERING, HALE AND DORR LLP
> The Willard Office Building
> 1455 Pennsylvania Avenue, NW
> Washington, DC 20004
> Phone: (202) 942-8400
> Fax: (202) 942-8484
>
> *Attorneys for Plaintiffs*
> *Smith Kline & French Laboratories, Ltd. and*
> *SmithKline Beecham Corp., d/b/a GlaxoSmithKline*

Dated: April 5, 2006

5

# EXHIBIT P

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Charanjit Brahma
To Call Writer Directly:
(202) 879-5148
cbrahma@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

June 2, 2006

**By Facsimile**

Michael E. Gordon
Amy K. Wigmore
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, NW
Washington, DC 20037

Re:    *Smith Kline & French Laboratories, LTD and SmithKline Beecham
Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.,*
Civil Action No. 05-197 (GMS) (D. Del.)

Dear Amy and Michael:

This letter responds to your letter of June 1, 2006 and summarizes our discussion on May 31, 2006 regarding the parties outstanding discovery issues as described in my letter of May 24, 2006 and your responsive letter of May 30, 2006. For convenience, I have used the headings in your June 1 letter and discussed these issues in the same order.

I.    May 31 Fact Discovery Deadline

As I mentioned during our teleconference, Teva is in the process of supplementing its document production and interrogatory responses and should be able to produce those documents and information early next week. While we believe that this will complete satisfy Teva's fact discovery obligations, we reserve the right to supplement in accordance with our obligations under the Federal Rules of Civil Procedure, particularly to the extent such supplementation is required in light of new information provided to us by GSK. Furthermore, to the extent any supplemental documents or information produced by GSK requires us to depose or re-depose any GSK or third-party witness, Teva reserves the right to do so, and GSK has reserved the right to object to making such witnesses available except on grounds of untimeliness.

It is our understanding that GSK is also in the process of supplementing its production with respect to NDA and IND documents (as discussed below), and that GSK's production will be completed by the end of June. We have agreed that Teva will not object to GSK's production of this information as untimely, provided that all of the documents Teva requests are produced.

# KIRKLAND & ELLIS LLP

Michael E. Gordon
Amy K. Wigmore
June 2, 2006
Page 2

II.     Depositions of GSK Witnesses

(1) <u>Kevin Reeves (GSK)</u>:  In your letter, you indicated that Mr. Reeves would be available for his deposition as GSK's corporate representative on Topics 5-10 of Teva's first Rule 30(b)(6) notice of deposition on June 29 in Washington D.C.  That date and location are acceptable.  Please note that the deposition will begin at 9:30 AM.

(2) <u>Peter Giddings (GSK)</u>:  Please let us know as soon as possible when you expect to be able to provide a date for Mr. Giddings deposition.

(3) <u>Topics 2, 4 and 11-14 of Teva's first Rule 30(b)(6) deposition notice</u>:  During our call, I identified several compounds that appear to fall within the scope of the general structural formulae set forth in claim 1 of the '808 patent and claim 1 of the '860 patent:

REDACTED

(f)  The compound identified     REDACTED

(g)  The compounds     REDACTED

GSK must produce a witness to testify about efforts by GSK to synthesize or characterize the physiological effects of these aforementioned compounds and any others that may fall within the scope of the general structural formulae set forth in claim 1 of the '808 patent or claim 1 of the '860 patent.

(4) <u>Topics 16 and 17 of Teva's first Rule 30(b)(6) deposition notice</u>:  As we discussed, Teva may be willing to put off deposition of GSK representatives on Topics 16 and 17 until later in the case, as Teva's intent in seeking deposition on these Topics is to confirm the authenticity and source of various documents produced in this litigation.  Alternatively, the need for a deposition on these Topics may be obviated if GSK is willing to stipulate to the authenticity of the documents it has produced, to certify what steps it took (*e.g.* what search terms it used to locate documents responsive to Teva's document requests, whose files were searched, etc.), and to provide source information for documents of particular relevance that Teva would identify after the close of expert discovery.  If this alternative is acceptable, please let me know.

## KIRKLAND & ELLIS LLP

Michael E. Gordon
Amy K. Wigmore
June 2, 2006
Page 3

(5) Topics in Teva's second Rule 30(b)(6) deposition notice: In your May 30 letter and during our call, you indicated that "GSK has already produced the internal patent prosecution files for both the '808 and '860 patents" and that GSK would not be able to produce a Rule 30(b)(6) witness capable of providing any information on the prosecution or preparation of the applications from which these patents issued beyond the information contained in these files. You indicated during the call that GSK would identify the documents it referred to as the internal patent prosecution files for these two patents. You also indicated that you would check to see whether the internal patent prosecution files for the '944 patent had been produced, and if not, would produce to avoid having to present a witness for deposition on this issue (as GSK is also unable to produce a representative deponent with knowledge beyond the internal patent prosecution files for that patent as well). Your latest letter seems to retreat from those representations, stating that you are merely "considering these matters." To the extent GSK does not agree to provide the documents and information listed above, please let us know so that we can timely raise this issue with the Court.

III.    GSK's Document Production

(1) NDA/IND material: You indicated that GSK has begun production of this information and that GSK will be able to complete its production of this information by the end of June.

(2) Documents related to testing of ropinirole hydrochloride: Per my conversation with Ms. Wigmore on June 1, GSK has agreed to produce           relating to ropinirole or any salt thereof.                 REDACTED        REDACTED            . On that basis, Teva believes this issue has been resolved.

(3) Documents relating to compounds other than ropinirole hydrochloride: Teva is seeking information related to efforts by GSK to synthesize or characterize the physiological effects of these compounds identified in section II(3) above and any others that may fall within the scope of the general structural formulae set forth in claim 1 of the '808 patent or claim 1 of the '860 patent.

IV.    Depositions of Teva Witnesses

(1)              In light of Teva's supplemental production, you requested that Ms. Payne's deposition in her individual capacity and as a Rule 30(b)(6) witness on Topic 6 of GSK's notice, which was previously scheduled for June 2, be canceled and re-scheduled for June 14. Although we do not believe Teva's supplemental production would have had any impact on Ms. Payne's deposition, we have agreed to make Ms. Payne available on that date beginning at 9:00 AM at the office of Drinker Biddle in Philadelphia.

## KIRKLAND & ELLIS LLP

Michael E. Gordon
Amy K. Wigmore
June 2, 2006
Page 4

(2) [illegible] As I mentioned, Ms. Erb is responsible for mostly clerical functions and works directly for Ms. Payne. Therefore, Teva believes that Ms. Erb's deposition will not be necessary in light of Ms. Payne's deposition. However, to the extent GSK believes it still needs to depose Ms. Erb after taking Ms. Payne's deposition, we will try to make her available on a day shortly after June 14.

(3) Topic 3 of GSK's Rule 30(b)(6) notice: As I mentioned, it is unclear to Teva why GSK needs a deponent on this Topic. You agreed to discuss with your client whether it is still necessary for Teva to produce a witness on this Topic.

(4) Topic 7 of GSK's Rule 30(b)(6) notice and Topic 15 of Teva's Rule 30(b)(6) notice: Your letter incorrectly states that Teva has agreed not to pursue deposition testimony from a GSK witness as to Topic 5 of Teva's first Rule 30(b)(6) deposition notice. I believe you are actually referring to Topic 7 of Teva's notice, as well as Topic 15 of Teva's first Rule 30(b)(6) notice, which you have correctly identified in your letter. Teva has agreed not to require GSK to produce a witness on Topic 15 of its notice in light of GSK's privilege objections, and GSK has similarly agreed not to require Teva to produce a witness on Topic 7 of GSK's notice in light of Teva's privilege objections. Both parties reserved the right to later challenge each other's privilege assertions and to seek the preclusion of evidence based on each other's assertions of privilege.

### V.  Teva's Document Production

(1) Redactions:  To the extent Teva has redacted non-privileged information from documents it has produced, that information relates to drug products unrelated to Teva's proposed generic ropinirole hydrochloride tablets.

(2) Production of "relevant" documents:  As I stated during our May 31 teleconference, Teva has produced or is producing, subject to its objections, all documents that it believes to be responsive to GSK document requests after a reasonable search.

### VI.  Extension of Deadlines for Expert Discovery and Summary Judgment Briefing

During our May 31 teleconference, you had indicated that GSK might be amenable to the previously discussed two-week extension of all deadlines prior to the September 27, 2006 deadline for the completion of expert discovery. Teva continues to believe that these deadlines can be extended without affecting the Court's scheduled trial date. Please let us know if GSK accepts the proposed extension of deadlines.

Sincerely,

Charanjit Brahma

06/02/06  10:57 FAX                    KIRKLAND & ELLIS LLP                              ☒001

```
                        ************************
                        ***   TX REPORT   ***
                        ************************

    TRANSMISSION OK

    TX/RX NO            3041
    CONNECTION TEL               #3329428484
    SUBADDRESS
    CONNECTION ID
    ST. TIME            06/02 10:55
    USAGE T             01'56
    PGS. SENT           5
    RESULT              OK
```

# KIRKLAND & ELLIS LLP

### *Fax Transmittal*

655 Fifteenth Street, N.W.
Washington, D.C. 20005
Phone: 202 879-5000
Fax: 202 879-5200

**Please notify us immediately if any pages are not received.**

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY
BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND
IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE,
DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.

**IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY AT:
202 879-5000.**

| To: | Company: | Fax #: | Direct #: |
|---|---|---|---|
| Michael E. Gordon | Wilmer, Cutler, Pickering, Hale & Dorr LLP | (202)942-8484 | (202)663-6000 |

| From: | Date: | Pages w/cover: | Fax #: | Direct #: |
|---|---|---|---|---|
| Charanjit Brahma | June 2, 2006 | 5 | (202) 879-5200 | 202 79-5148 |

*Message:*

REDACTED

# EXHIBIT Q

REDACTED

# EXHIBIT R

WILMERHALE

March 14, 2006

Mark L. Rienzi

+1 202 663 6336 (t)
+1 202 663 6363 (f)
mark.rienzi@wilmerhale.com

**BY FEDERAL EXPRESS**

Charanjip Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

RE:    **Smith Kline & French Laboratories, LTD and
SmithKline Beecham Corp., d/b/a** *GlaxoSmithKline v.*
*Teva Pharmaceuticals USA, Inc.*, **Civil Action No. 05-197 (GMS) (D. Del.)**

Dear Mr. Brahma:

Enclosed for production please find a CD containing documents GSK-REQ018186 –
GSK- REQ020734. As with previous installments, we have included a Summation image load
file on the CD to facilitate your uploading of the documents for review. Please contact me if you
have any difficulties accessing the documents.

We expect to produce a privilege log to you shortly. In addition, please note that many of
the enclosed documents are marked "Confidential" under the protective order and must be
treated accordingly.

Sincerely,

Mark L. Rienzi

Enclosure

# EXHIBIT S

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Karen M. Robinson
To Call Writer Directly:
(202) 879-5197
krobinson@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

March 14, 2006

**By First Class Mail & Facsimile**

Michael E. Gordon
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, NW
Washington, DC 20037

Re:    *Smith Kline & French Laboratories, LTD and SmithKline Beecham
        Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.,*
        Civil Action No. 05-197 (GMS) (D. Del.)

Dear Michael:

I write in connection with various discovery matters in the above-captioned case, and specifically issues with plaintiffs discovery responses in this case.

**GSK Responses to Teva's Interrogatories.**

Many of GSK's responses to Teva's first set of interrogatories are deficient. In other instances, we seek confirmation of GSK's responses and whether information has been withheld in light of the numerous objections to each and every Teva interrogatory.

Interrogatory No. 1 seeks, among other things, the asserted claims in this case. GSK's response objects on the grounds that the interrogatory is "premature" and that "GSK may in the future add or delete claims of the Patents-In-Suit." Please confirm that GSK's asserted claims have not changed or identify those claims added or withdrawn. Our ability to defend this lawsuit obviously depends on understanding what claims are alleged to be infringed.

Interrogatory No. 2 seeks the identification of persons who were involved in the prosecution of the patents-in-suit and related domestic and foreign applications, including a description of their involvement. GSK's response fails to provide this information. We are aware that there are related applications as well as foreign counterparts. Yet GSK's response provides no information regarding related applications or foreign counterparts. Moreover, the response is deficient with respect to the patent-in-suit.

REDACTED                    REDACTED

Teva is plainly entitled to this information, such as who drafted the application and the office action responses, and who conducted prior art searches. Please provide the requested information.

Interrogatory No. 3 seeks information related to, among other things, conception and reduction to practice for each claim of the patents-in-suit, including the evidence in support

## KIRKLAND & ELLIS LLP

Michael E. Gordon
March 14, 2006
Page 2

of these contentions. GSK's response fails to provide this information. In fact, the response fails to identify a single document that could support the summary allegations provided. Please provide the requested information and please note that conception and reduction to practice must be shown on a claim-by claim basis.

Interrogatory No. 4 seeks identification of all opinions, studies, comparisons, analyses, and examinations performed concerning the claimed subject matter prior to the filing of this action. Plaintiffs response fails to provide any such information. Please provide the requested information.

Interrogatory No. 5 seeks the identification of financial interests in the patents-in-suit or foreign counterparts including the identification of any related documents. GSK's summary response substantially fails to provide this information, including failing to identify any documents. Please provide the requested information.

Interrogatory No. 6 seeks identification of products sold, presently or in the past, that use ropinirole as an active ingredient, including associated information about the product. Please confirm the products you identify in your response are the only ones that GSK is aware of and GSK is not withholding any information about products meeting the description in the interrogatory on the basis of any of its many objections.

Interrogatory No. 7 seeks information regarding secondary considerations of non-obviousness and evidence on which plaintiffs rely in support of these contentions. Among other objections, plaintiffs contend the interrogatory is "premature" and that GSK "has no obligation to provide evidence of non-obviousness" "unless and until Teva demonstrates, by clear and convincing evidence, that the '808 and '860 patents are invalid." Particularly in light of GSK's own requests for information regarding these secondary considerations, including commercial success and copying. *See* GSK Interrogatory Nos. 17 &18. We doubt any court would agree and will raise your objection with the Court unless you withdraw it and answer the interrogatory immediately. Moreover, plaintiffs fail to identify any evidence in support of GSK's summary allegations. Please immediately provide the requested information.

Interrogatory No. 8 seeks information regarding whether any of the patents-in-suit or related applications has ever been subject to any challenge (other than this one). Please confirm GSK is not withholding any information in its response on the basis of its objections.

Interrogatory No. 9 seeks information related to persons with knowledge regarding the claims and defenses in this case. Please confirm GSK is unaware of others who meet the description set forth in the interrogatory.

## KIRKLAND & ELLIS LLP

Michael E. Gordon
March 14, 2006
Page 3

**GSK Responses to Teva's Document Requests.**

We have identified substantial deficiencies in plaintiffs' document production. Please confirm plaintiffs will produce the following documents or identify where the document(s) have already been produced:

- Copies of the patents-in-suit kept in Plaintiffs' files and internal prosecution histories, including foreign counterparts. (Request Nos. 1 & 2)

- Documents concerning prior art references and the authors of said references, including any prior art identified by Teva. (Request Nos. 3, 4 & 5)

- Documents concerning any tests, studies, analyses, investigations, reports, comparisons or opinions conducted, prepared, or performed relating to the subject matter described or claimed in the patents-in-suit, including documents relating to the conception, reduction to practice and experiments involving the inventions. (Request No. 14)

- Documents concerning any contract, agreement, grant, sponsorship, or compensation paid or received in connection with any tests, studies, analyses, investigations, reports, comparisons or opinions conducted, prepared, or performed relating to the patents-in-suit. (Request No. 15)

- Documents identifying products and samples of products that Plaintiffs contend fall within the scope of any claim of the patents-in-suit or any foreign counterpart(s), or the use of which would fall within the scope of any claim of any of the patents-in-suit or any foreign counterpart(s), with the labeling with which such product is marketed. (Request No. 17)

- Documents citing or otherwise identifying any of the patents-in-suit, including United States and foreign patents or pending patent applications that discuss or refer to any patent-in-suit or its disclosed subject matter. (Request No. 18)

- Documents concerning the subject matter disclosed or claimed in any of the Patents-In-Suit, Parent Applications, or foreign counterpart(s), including documents concerning any aspect of the alleged conception, completion, reduction to practice, or diligence in connection with such disclosed or claimed subject matter, including any prototypes, samples, models, and alternative and preferred embodiments of the alleged invention(s). (Request No. 19)

- Documents concerning any search or investigation conducted by or on behalf of GSK or any Inventor, or any opinion sought by or on behalf of GSK or any Inventor concerning prior art or the state of the art concerning the subject matter disclosed or claimed in any of the Patents-In-Suit or any Parent Application or Related Application, including copies of all references, whether or not prior art, located as a result of any such search or investigation and copies of any reports or summaries of the results of any such search or investigation, as well as all correspondence with third

## KIRKLAND & ELLIS LLP

Michael E. Gordon
March 14, 2006
Page 4

parties concerning such prior art or the state of the art concerning such subject matter. (Request No. 20)

- Documents concerning any opinion, investigation, study, or analysis concerning infringement, validity, or enforceability of any Patents-In-Suit, any Parent Application, any Related Application, or any foreign counterparts, including all draft or final versions and documents considered by the provider of such opinion, study, or analysis, and documents concerning any assertion or claim that any of the Patents-In-Suit, any Parent Application, any Related Application, any foreign counterpart, or any claim thereof is invalid or unenforceable. (Request No. 21)

- Documents concerning the validity or enforceability of the Patents-In-Suit or any foreign counterpart(s). (Request No. 22)

- Documents concerning any litigation, court action, administrative proceeding, arbitration, mediation, interference proceeding, reexamination request, reissue application, negotiation, opposition, or any other proceeding or dispute(s), whether within the United States or foreign, involving or concerning the ownership, validity, enforceability, or infringement of any of the Patents-In-Suit, Parent Applications, Related Applications or foreign counterpart(s), including without limitation all papers filed, served or submitted, pleadings, discovery requests and responses, copies of deposition transcripts, exhibits and copies of any prior art made known to GSK in the course thereof. (Request No. 24).

- All communications with the United States Food & Drug Administration ("FDA") concerning listing of the Patents-In-Suit in the Orange Book. (Request No. 29).

- Documents concerning any analysis relating to listing the Patents-In-Suit in the FDA Orange Book. (Request No. 30).

- The complete NDA for GSK's ReQuip ropinirole hydrochloride drug product, any IND for the use of GSK's ReQuip ropinirole hydrochloride drug product. (Request No. 32).

- Documents concerning tests, studies, investigations, analyses, papers, or additional regulatory filings, cited in Plaintiffs' NDA No. 20-658. (Request No. 33).

- Documents concerning any offer of or request for an assignment, license or other transfer of rights, covenant not to sue, contingent or future interest or other interest in or concerning any of the Patents-In-Suit, Parent Applications, Related Applications, or foreign counterpart(s). (Request No. 36)

- Documents mentioning, discussing or referring to Teva concerning ropinirole or ropinirole hydrochloride. (Request No. 39)

- Documents and things concerning any royalties paid under any of the patents-in-suit. (Request No. 44)

## KIRKLAND & ELLIS LLP

Michael E. Gordon
March 14, 2006
Page 5

- Document concerning any alleged secondary considerations of non-obviousness. (Request No. 45)

- A copy of the document retention policies for every assignee of the Patents-in-Suit from the time of ownership to the present day. (Request No. 46)

- Documents relating to the ownership of the patent-in-suit or any foreign counterpart including any contracts, correspondence, drafts, relating to any conveyance of rights. (Request No. 47)

- All publications, including patents, for which the inventor of the patent-in-suit is an author or co-author. (Request No. 48)

- Documents sufficient to show any payments, compensation, royalties paid to or on behalf of the Inventor(s) by any plaintiff (or subsidiary, parent, or other related company). (Request No. 49)

Please confirm that, to the extent they exist, plaintiffs have produced all documents in response to the following document requests (other than those withheld on the grounds of privilege):

- Documents relating to the inventors of the '808 and '860 patents. (Request No. 5)

- Declarations relating to the subject mater of the litigation or any other action relating to the patents-in-suit. (Request No. 11)

- Documents relating to the patents-in-suit. (Request No. 13)

- Documents concerning any test, studies, investigations, reports, comparisons or opinions described in the patents-in-suit. (Request No. 16)

- Documents cited to, referred to, relied upon or identified in Plaintiffs' Complaint, or any discovery response, including initial disclosures, supplemental disclosures and interrogatory responses. (Request Nos. 7, 8 & 9).

Please also confirm that GSK has not received any documents pursuant to a subpoena, letter rogatory or any other non-party discovery request in this matter or any litigation concerning the patents-in-suit. If GSK has in fact received any such documentation, please immediate produce the information to Teva. (Request No. 12)

### GSK's Privilege Log

We have not received a privilege log from plaintiffs. Please let us know when plaintiffs will be prepared to exchange privilege logs.

Sincerely,

Karen M. Robinson

# KIRKLAND & ELLIS LLP

### *Fax Transmittal*

655 Fifteenth Street, N.W.
Washington, D.C. 20005
Phone: 202 879-5000
Fax: 202 879-5200

---

### Please notify us immediately if any pages are not received.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY
BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND
IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE,
DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.

### IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
### PLEASE NOTIFY US IMMEDIATELY AT:
### 202 879-5000.

| To: | Company: | Fax #: | Direct #: |
|---|---|---|---|
| Michael Gordon, Esq. | Wilmer, Cutler, Pickering, Hale & Dorr LLP | (202)942-8484 | (202)663-6000 |

| From: | Date: | Pages w/cover: | Fax #: | Direct #: |
|---|---|---|---|---|
| Karen Robinson | March 14, 2006 | | 202 879-5200 | 202 79-5197 |

**Message:**

03/14/06  19:13 FAX                    KIRKLAND & ELLIS LLP                          ☑001

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

        TRANSMISSION OK

        TX/RX NO            2881
        CONNECTION TEL            #5152029428484
        SUBADDRESS
        CONNECTION ID
        ST. TIME            03/14 19:11
        USAGE T             02'19
        PGS. SENT              6
        RESULT              OK
```

# KIRKLAND & ELLIS LLP

### *Fax Transmittal*

655 Fifteenth Street, N.W.
Washington, D.C. 20005
Phone: 202 879-5000
Fax: 202 879-5200

---

Please notify us immediately if any pages are not received.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY
BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND
IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE,
DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY AT:
202 879-5000.

| To: | Company: | | Fax #: | Direct #: |
|---|---|---|---|---|
| Michael Gordon, Esq. | Wilmer, Cutler, Pickering, Hale & Dorr LLP | | (202)942-8484 | (202)663-6000 |
| **From:** | **Date:** | Pages w/cover: | **Fax #:** | **Direct #:** |
| Karen Robinson | March 14, 2006 | | 202 879-5200 | 202 79-5197 |
| Message: | | | | |

# EXHIBIT T

WILMERHALE

May 3, 2006                                    Mark L. Rienzi

                                        +1 202 663 6336 (t)
                                        +1 202 663 6363 (f)
                                        mark.rienzi@wilmerhale.com

**BY HAND DELIVERY**

Karen M. Robinson
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

RE:    **Smith Kline & French Laboratories, LTD and**
       **SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva**
       **Pharmaceuticals USA, Inc., Civil Action No. 05-197 (GMS) (D. Del.)**

Dear Karen:

        Enclosed for production please find documents numbered GSK-REQ 026552 through
GSK-REQ 027337, including a laboratory notebook belonging to Gregory Gallagher at GSK-
REQ 026552-027156.  This notebook was previously produced in redacted form at GSK-REQ
003196-003800 and is now being produced without redactions.

        Please also note that the enclosed documents have been marked confidential under the
protective order and must be treated accordingly.

        If you have any questions regarding this matter, please feel free to contact me.

                        Sincerely,

                        Mark L. Rienzi

# EXHIBIT U

WILMERHALE

May 19, 2006

Mark L. Rienzi

+1 202 663 6336 (t)
+1 202 663 6363 (f)
mark.rienzi@wilmerhale.com

**BY HAND DELIVERY**

Karen M. Robinson
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

RE:    **Smith Kline & French Laboratories, LTD and
SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva
Pharmaceuticals USA, Inc., Civil Action No. 05-197 (GMS) (D. Del.)**

Dear Karen:

Enclosed for production please find a DVD containing documents numbered
GSK-REQ028445 through GSK-REQ067226. These documents have been marked confidential
under the protective order and must be treated accordingly.

If you have any questions regarding this matter, please feel free to contact me.

Sincerely,

Mark L. Rienzi

# EXHIBIT V

WILMERHALE

June 2, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA FEDERAL EXPRESS**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:  *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a
GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

Enclosed for production please find a CD containing documents with the following
labels:

REDACTED

As we have previously stated, the production of the IND and NDA information will occur
on a rolling basis. This production includes the annual reports for IND 31,712 submitted after
the initial filing. Please note that the documents in this production have been labeled
confidential under the protective order and must be treated accordingly. If you have any
questions about this matter, please feel free to contact me.

Regards,

Michael E. Gordon

Enclosure

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

June 16, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA MESSENGER**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a*
*GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

Enclosed for production are three DVDs and three CDs containing certain NDA and IND information. Specifically, this production includes the initial filings for NDA 20-658 and IND 63,172 as well as annual reports submitted in years following these initial filings. This completes the production of NDA and IND material discussed in prior correspondence.

With respect to IND 63,172, please note that we sent you on May 22 a table of contents for the initial filing and asked you to identify (as you did for other filings) those sections Teva would like GSK to produce. As I noted to you during phone conversations in recent weeks, Teva has not identified the desired sections of this filing. To avoid further delay, we have included IND 63,172 in this production. Specifically, we are producing the same sections of the initial filing for this IND that Teva requested for the other IND previously produced by GSK. If this is not acceptable to Teva, please let me know.



WILMERHALE

Charanjit Brahma
June 16, 2006
Page 2

Please note that the documents in this production have been labeled confidential under the protective order and must be treated accordingly. If you have any questions about this matter, please feel free to contact me.

Regards,

Michael E. Gordon

Enclosures

WILMERHALE

June 27, 2006

Mark L. Rienzi

+1 202 663 6336 (t)
+1 202 663 6363 (f)
mark.rienzi@wilmerhale.com

**BY HAND DELIVERY**

Charanjip Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    **Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp.,
       d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.,
       Civil Action No. 05-197 (GMS) (D. Del.)**

Dear Charanjip:

     Enclosed documents GSK-REQ 094317-094863. These documents constitute
GSK's internal patent prosecution files for the '808, '860, and '944 patents. For the '808
and '860 patents, these documents were previously produced, but documents from the
files were inadvertently separated during production. Accordingly, we are re-producing
these files to you so you will have them in one continuous bates range.

                          Sincerely yours,

                          Mark L. Rienzi

Enclosures

MLR/pds

## WILMERHALE

June 28, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

### VIA FAX AND FIRST CLASS MAIL

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:   *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a*
      *GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

     Enclosed for production please find a document numbered GSK-REQ 094246A. This document was previously produced with the number GSK-REQ 094246, but the document contained an error. Thus, we are producing this corrected version of the document. This document has been marked confidential under the protective order and must be treated accordingly.

     Please call me if you have any questions.

Regards,

Michael E. Gordon

Enclosure

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Baltimore  Beijing  Berlin  Boston  Brussels  London  Munich  New York  Northern Virginia  Oxford  Palo Alto  Waltham  Washington

WilmerHale

June 30, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA FAX AND FIRST CLASS MAIL**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:   *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a
      GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

　　　Pursuant to the agreement reached by the parties prior to the June 5 conference with the
Court, enclosed for production please find two CDs containing laboratory notebooks numbered
GSK-REQ 094864 through GSK-REQ 098087. These documents have been marked confidential
under the protective order and must be treated accordingly.

　　　Please call me if you have any questions.

Regards,

Michael E. Gordon

Enclosure

WILMERHALE

June 30, 2006

Mark L. Rienzi

+1 202 663 6335 (t)
+1 202 663 6363 (f)
mark.rienzi@wilmerhale.com

**BY E-MAIL AND UPS**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    **Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp.,
       d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.,
       Civil Action No. 05-197 (GMS) (D. Del.)**

Dear Charanjit:

Enclosed please find documents GSK-REQ098088 – GSK-REQ098178. These are documents which were inadvertently not produced with earlier productions. Please note that documents GSK-REQ098088 – GSK-REQ098157 constitute the non-privileged documents from GSK's internal file related to the patent term extension in Israel, which was missing when we made our initial search for documents. Given that the vast majority of documents in that file are privileged, and given the remote connection between this file and the issues in this case, we do not feel that the burden of logging these documents is warranted.

Sincerely yours,

Mark L. Rienzi

Enclosures

MLR/pds

WILMERHALE

June 30, 2006

**Michael E. Gordon**

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA UPS**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a*
       *GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

Pursuant to the agreement reached by the parties prior to the June 5 conference with the Court, enclosed for production please find a CD containing laboratory notebooks numbered GSK-REQ 098179 through GSK-REQ 098878. These documents have been marked confidential under the protective order and must be treated accordingly.

Please call me if you have any questions.

Regards,

*Michael E. Gordon* /jrw

Michael E. Gordon

Enclosure

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

WilmerHale

July 5, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA HAND DELIVERY**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:   *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a
      GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

    Pursuant to the agreement reached by the parties prior to the June 5 conference with the
Court, enclosed for production please find a CD containing laboratory notebooks numbered GSK-
REQ 098879 through GSK-REQ 100172.  These documents have been marked confidential under
the protective order and must be treated accordingly.

    Please call me if you have any questions.

Regards,

*Michael C. Gordon / jnw*

Michael E. Gordon

Enclosure

WILMERHALE

July 7, 2006

**Michael E. Gordon**

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA HAND DELIVERY**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:   *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a*
      *GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

      Pursuant to the agreement reached by the parties prior to the June 5 conference with the
Court, enclosed for production please find three CD's containing documents numbered GSK-
REQ 100173 through GSK-REQ 126008.  These CD's include Summation image load files to
facilitate your uploading of the documents for review.  Please contact me if you have any difficulty
accessing the documents.

      These documents are a result of GSK's agreement to search for, and to the extent available,
produce documents discussing the compounds identified in Mr. Brahma's June 2, 2006 letter to Mr.
Gordon in Section II.(3)(a)-(f).  GSK's search resulted in a large volume of documents, most of
which are dated well after the issuance of U.S. Patent No. 4,824,860, related to clinical trials, and
are of no relevance to the issues in dispute in this litigation.  GSK has diligently reviewed these
documents and, despite their lack of relevance, is producing all non-privileged documents that pre-
date the filing of the complaint in this case in order to honor the parties' agreement and to avoid
delay.  These three CD's constitute the first installment of GSK's rolling production of these
documents.

      Also, please note that we have produced at GSK-REQ 125934 through GSK-REQ 126008 a
more legible version of a laboratory notebook, which was previously produced at GSK-REQ
094980 through GSK-REQ 095070.

      Lastly, these documents have been marked confidential under the protective order and must
be treated accordingly.

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Charanjit Brahma
July 7, 2006
Page 2


Please call me if you have any questions.


Regards,

*Michael E. Gordon* /jsw

Michael E. Gordon


Enclosures

WILMERHALE

July 10, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA UPS**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

Re:    *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a*
       *GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

I am writing in response to your July 6, 2006 letter regarding documents produced by GSK. Please find enclosed another copy of the DVD containing REDACTED and ] REDACTED These documents have been marked confidential under the protective order and must be treated accordingly.

Please call me if you have any questions.

Regards,

Michael E. Gordon

Enclosure

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

US1DOCS 5740239v1

WILMERHALE

July 21, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA HAND DELIVERY**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:  *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a*
      *GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

　　　Pursuant to the agreement reached by the parties prior to the June 5 conference with the
Court, enclosed for production please find 2 CDs containing documents numbered GSK-
REQ 126009 through GSK-REQ 135993.

　　　These documents are a result of GSK's agreement to search for, and to the extent available,
produce documents discussing the compounds identified in Mr. Brahma's June 2, 2006 letter to
Mr. Gordon in Section II (3)(a)-(f). These documents are all dated after 2000, relate primarily to
clinical trials, and are of no relevance to the issues in dispute in this litigation. GSK has diligently
reviewed these documents and, despite their lack of relevance, is producing all non-privileged
documents that pre-date the filing of the complaint in this case in order to honor the parties'
agreement and to avoid delay. This constitutes the final installment of GSK's production of these
documents.

　　　Lastly, these documents have been marked confidential under the protective order and must
be treated accordingly.

　　　Please call me if you have any questions.

Regards,

*Michael E. Gordon/gps*

Michael E. Gordon

Enclosures

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

US1DOCS 5758987v1