# EXHIBIT A

# REDACTED IN ITS ENTIRETY

# EXHIBIT B

Case 1:05-cv-00197-GMS    Document 134-2    Filed 10/30/2006    Page 3 of 11

# REDACTED IN ITS ENTIRETY

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITH KLINE & FRENCH LABORATORIES LIMITED and SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | Civil Action No. 05-197-GMS |

**PLAINTIFF GLAXOSMITHKLINE'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs SmithKline and French Laboratories, Ltd. and SmithKline Beecham Corporation, doing business as GlaxoSmithKline ("GSK"), hereby respond to the First Set of Interrogatories from Defendant Teva Pharmaceuticals USA, Inc. ("Teva") as follows:

**GENERAL OBJECTIONS**

GSK incorporates by reference, as if fully set forth herein, the General Objections that GSK has made in its Responses and Objections to Defendant's First Set of Requests for Production of Documents and Things.

In addition to the individuals mentioned above, the following individuals may have knowledge of the customary practices within GSK's patent department at the time of the prosecution of one or both of the Patents-in-Suit:

- Richard D. Foggio
- Alan D. Lourie

Teva may identify additional individuals, if any, from the documents that GSK has produced in response to Teva's discovery requests.

**Interrogatory No. 3:**

For each claim of the Patents-In-Suit, identify the alleged inventor(s) of the subject matter of the claim, and describe with particularity the facts and circumstances surrounding any alleged conception, reduction to practice, and/or claim to diligence from conception to reduction to practice, including, separately for each claim, identification of all relevant dates, locations, witnesses, documents, and things concerning such alleged conception, reduction to practice and/or diligence.

**Response:**

GSK objects to this interrogatory on the grounds that it is unduly burdensome to identify "all" relevant dates, locations, witness, documents, and things concerning the inventive process. GSK further objects to this interrogatory because it contains three subparts, each of which, pursuant to Local Rule 26.1(b), counts as a separate interrogatory.

Subject to and without waiving the foregoing objections and its General Objections, GSK responds as follows:

The '808 Patent

The '808 patent lists Gregory Gallagher as the sole inventor of the claims set forth in that patent. At the time of the invention, Gallagher was an employee at SmithKline Beckman ("SKB"). At least as early as 1982, Gallagher conceived of the idea of removing the *para*-OH group from the aromatic ring of 4-aminoalkyl-7-hydroxy-2(3H)-indolone compounds.

At least as early as 1982, Gallagher synthesized ropinirole, which lacks the *para*-OH group of the corresponding 4-aminoalkyl-7-hydroxy-2(3H)-indolone compound, thereby reducing to practice the invention claimed in the patent.

The '860 Patent

The '860 patent lists Dr. David A. A. Owen as the sole inventor of the claims set forth in that patent. Dr. Owen, a scientist who worked at Smith Kline & French ("SK&F") in the United Kingdom, conceived of the claimed subject matter of the '860 patent in or around 1986.

After ropinirole was synthesized in 1982, Dr. J. Paul Hieble and other researchers at SKB's Philadelphia office tested ropinirole and began developing ropinirole as a cardiovascular drug.

In 1985, the development work relating to ropinirole was transferred to the Welwyn Garden City office of SK&F. Dr. Owen was the Director of the Pharmacology Division at the time of the transfer and became a project team member for ropinirole. Based on tests of ropinirole conducted by individuals under his direction including Annette Wright, Dr. Owen determined that ropinirole caused central nervous system ("CNS") activity and conceived of using ropinirole to treat central nervous system disorders including Parkinson's disease. Further CNS evaluations performed by SK&F in Welwyn and by researchers at the University of

-5-

Bradford engaged by SK&F further demonstrated ropinirole's potential as an anti-Parkinson's agent.

Persons having knowledge of these events are listed in response to Interrogatory Number 9.

Pursuant to Rule 33(d) and subject to GSK's document responses and objections, GSK has produced documents related to this interrogatory response including laboratory notebooks, laboratory reports, meeting minutes, presentations, project team documents, testing results, and protocols related to tests, studies, research or analysis performed on ropinirole, as set forth in GSK's document responses. For example, and without limitation, GSK has produced laboratory notebooks at GSK-REQ0000208-992; GSK-REQ0003196-3800; GSK-REQ0008706-10540; GSK-REQ0010842-11085; GSK-REQ0011181-11390.

**Interrogatory No. 4:**

Identify all opinions, studies, tests, comparisons, analyses, examinations, or investigations performed by or on behalf of Plaintiffs prior to the filing of this Action concerning the claimed subject matter of any of the Patents-In-Suit.

**Response:**

GSK objects to this interrogatory as overbroad and unduly burdensome insofar as it seeks identification of "all" opinions, studies, tests, comparisons, analyses, examinations, or investigations concerning the subject matter claimed in the Patents-In-Suit regardless of the date of such documentation or whether such information is relevant to the issues in this case. As a pharmaceutical drug, ropinirole underwent extensive testing to determine its therapeutic value and to satisfy the rigorous testing requirements of the FDA and other foreign regulatory

report of the expert's opinion; and all documents and other information relied upon or used by the witness in preparing for his or her testimony and report.

**Response:**

GSK objects to this request as premature because and the deadlines for expert reports and pre-trial submissions have not yet occurred. Additionally, GSK objects to this inquiry to the extent that the information requested is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. GSK further objects to, as overbroad and duly burdensome, Teva's requests for "all documents authored or contributed to and all presentations given or participated in by" and "all prior hearing, deposition, and trial testimony by" GSK's expert witnesses. Such requests are not limited to any particular subject matter or any particular date range, and, to the extent such information is publicly available, can be located just as easily by Teva as GSK. Finally, GSK further objects to this interrogatory because it contains eight subparts, each of which, pursuant to Local Rule 26.1(b), counts as a separate interrogatory.

Subject to and without waiving the foregoing objections and its General Objections, GSK will provide information regarding identification of fact and expert witnesses in accordance with the deadlines for expert discovery and trial set forth by the Court.

SMITH KLINE & FRENCH LABORATORIES
LIMITED AND SMITHKLINE BEECHAM
CORPORATION, D/B/A GLAXOSMITHKLINE
By their attorneys,

/s/ Amy K. Wigmore
William G. McElwain, Esq.
Henry N. Wixon, Esq.
Amy K. Wigmore, Esq.
Michael Gordon, Esq.
Mark L. Rienzi, Esq.
WILMER, CUTLER, PICKERING,

-16-

HALE AND DORR LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
Phone: (202) 942-8400
Fax:   (202) 942-8484

William F. Lee, Esq.
WILMER, CUTLER, PICKERING,
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000

Patricia Smink Rogowski, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 1107 North Orange Street
Wilmington, DE 19801
Phone: (302) 658-9141
Fax :   (302) 658-5614

Dated: August 16, 2006