# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SMITH KLINE & FRENCH LABORATORIES, LTD, and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS U.S.A., INC.,<br><br>Defendant. | Civil Action No: 05-197 GMS |

## DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S NOTICE OF DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE

PLEASE TAKE NOTICE THAT, beginning on May 4, 2006 at 9:00 A.M. at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Washington, D.C. 20005, or at another mutually agreed upon place and time, Defendant Teva Pharmaceuticals U.S.A., Inc. ("Teva"), will take the deposition of Plaintiffs Smith Kline & French Laboratories, Ltd. and SmithKline Beecham Corp., d/b/a GlaxoSmithKline (collectively "GSK") as represented by the person(s) most knowledgeable with respect to the subject matter topics identified below and designated to testify on GSK's behalf, pursuant to Fed. R. Civ. P. 30(b)(6).

The oral examination will be taken before a notary public or other person authorized to administer oaths, and will be recorded by stenographic means and/or videotape. You are invited to attend and participate.

## TOPICS

1.     The facts and circumstances regarding the conception and reduction to practice (if any) of the claims of the Patents-in-Suit and the development of the subject matter claimed in United States Patent Nos. 4,452,808 ("the '808 patent") and 4,824,860 ("the '860 patent") (collectively, "Patents-in-Suit") from conception up until the time of the filing of the respective applications from which the Patents-in-Suit issued.

2.     All testing, studies or analysis of compounds covered by the claims of the Patents-in-Suit performed after the applications from which the Patents-in-Suit issued were filed.

3.     All testing, studies, or analysis of compounds covered by the claims of the United States Patent No. 4,314,944 ("the '944 patent").

4.     The facts and circumstances surrounding the decision to file a new drug application for ropinirole as a treatment for Parkinson's Disease including the basis for deciding to pursue the ropinirole compound instead of other compounds covered by either the '808 patent or the '944 patent.

5.     The facts and circumstances related to any claim that the invention(s) claimed in the Patents-in-Suit are non-obvious based on their "commercial success" as defined in *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

6.     The facts and circumstances related to the market for ropinirole from the product launch until present.

7.     Customers, revenues, and profits related to sales of ropinirole for treating Parkinson's Disease.

8.     Expenses and costs related to sales of ropinirole for treating Parkinson's Disease.

9.     Information related to customer purchase decisions related to ropinirole for treating Parkinson's Disease including any survey data.

10.    The facts and circumstances related to any assertion of secondary considerations of non-obviousness ( as defined in *Graham v. John Deere Co.*, 383 U.S. 1 (1966)) other than

commercial success, including any assertion of failure of others, unexpected results, or long felt need.

11.    All tests, analysis and studies of the compounds claimed in claim 1 of the '808 patent in which "$R^1$," "$R^2$," or "$R^3$," is a "$C_{1-4}$ lower alkyl".

12.    All tests, analysis and studies of the compounds claimed in claim 1 of the '808 patent where "R" is anything other than "di-n-propylamino."

13.    All tests, analysis and studies of the compounds described in claim 1 of the '860 patent in which "$R^3$," is a "hydroxy."

14.    All attempts to develop methods of treatment using compounds claimed in the '808, '860 or '944 patents for indications other than Parkinson's Disease.

15.    Any opinions, analyses, or evaluations of the claim scope, validity, enforceability or potential infringement of the Patents-in-Suit.

16.    All documents and things related to the foregoing topics.

17.    All persons known to have knowledge of the foregoing topics other than knowledge derived from involvement in this lawsuit.

3

Date:  April  5 , 2006                    Respectfully submitted,


                                          _Charanjt Brahma_

                                          Josy W. Ingersoll
                                          John W. Shaw
                                          Monte T. Squire
                                          **YOUNG CONAWAY STARGATT
                                          & TAYLOR, LLP**
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          P.O. Box 391
                                          Wilmington, Delaware  19899-0391
                                          Telephone:     (302) 571-6600


                                          Jay P. Lefkowitz
                                          Karen M. Robinson
                                          Charanjit Brahma
                                          Steven A. Engel
                                          Corey J. Manley
                                          **KIRKLAND & ELLIS LLP**
                                          655 Fifteenth St., N.W.
                                          Suite 1200
                                          Washington, D.C.  20005
                                          Telephone:     (202) 879-5000
                                          Facsimile:     (202) 879-5200


                                          *Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.*


                                              4

## CERTIFICATE OF SERVICE

I, Karen M. Robinson, counsel for Defendant Teva Pharmaceuticals U.S.A., Inc., caused copies of DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S NOTICE OF DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE, to be served, via facsimile and Federal Express, on the date listed below, to:

Patricia Smink Rogowski, Esq. (Bar I.D. 2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 1107 North Orange Street
Wilmington, DE 19801
Phone: (302) 658-9141
Fax: (302) 658-5614

William F. Lee, Esq.
WILMER, CUTLER, PICKERING, HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Fax: (617) 526-5000

William G. McElwain, Esq.
WILMER, CUTLER, PICKERING, HALE AND DORR LLP
The Willard Office Building
1455 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 942-8400
Fax: (202) 942-8484

*Attorneys for Plaintiffs*
*Smith Kline & French Laboratories, Ltd. and*
*SmithKline Beecham Corp., d/b/a GlaxoSmithKline*

Dated: April 5, 2006

5

# EXHIBIT B

# REDACTED IN ITS ENTIRETY

# EXHIBIT C

# REDACTED IN ITS ENTIRETY

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

SMITH KLINE & FRENCH )
LABORATORIES LIMITED and )
SMITHKLINE BEECHAM )
CORPORATION d/b/a )
GLAXOSMITHKLINE, )
 )
       Plaintiff, )     Civil Action No. 05-197-GMS
 )
v. )
 )
TEVA PHARMACEUTICALS USA, INC., )
 )
       Defendant. )

---

### PLAINTIFF GLAXOSMITHKLINE'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs SmithKline and French Laboratories, Ltd. and SmithKline Beecham Corporation, doing business as GlaxoSmithKline ("GSK"), hereby respond to the First Set of Interrogatories from Defendant Teva Pharmaceuticals USA, Inc. ("Teva") as follows:

### GENERAL OBJECTIONS

GSK incorporates by reference, as if fully set forth herein, the General Objections that GSK has made in its Responses and Objections to Defendant's First Set of Requests for Production of Documents and Things.

**Interrogatory No. 9:**

Identify the name and last known address of each person reasonably likely to have information that bears significantly on the claims and defenses in the present action (including all claims and defenses to Teva's counterclaims), identifying the subjects of the information; and identify by production number or other specific reference all documents, data, compilations, and tangible things in the possession, custody, or control of that person that are likely to bear significantly on the claims and defenses in the present action.

**Response:**

GSK objects to this interrogatory as overbroad to the extent that it requires the identification and address of "each" person and "all" of such person's documents, compilations and tangible things significantly bearing on the claims and defenses in the present action. GSK objects to the request for identification of "all" documents as overly broad and unduly burdensome. GSK will only produce documents in own possession, custody and control; potentially responsive documents provided by Dr. Costall have been produced at GSK-REQ015682-015843. GSK further objects to this interrogatory to the extent that the documents, compilations, and tangible things requested are not within the possession, custody, or control of GSK or are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Finally, GSK objects to this interrogatory because it contains three subparts, each of which, pursuant to Local Rule 26.1(b), counts as a separate interrogatory.

Subject to and without waiving the foregoing objections and its General Objections, GSK responds as follows:

-13-

The following persons have been identified by GSK as potentially having information that bears on the present action.

| Name | Subject of Information | Last Known Address |
| --- | --- | --- |
| Brenda Costall, Ph.D. | Aided in testing the effect of ropinirole on the central nervous system | School of Pharmacy, University of Bradford Bradford West Yorkshire BD7 1DP, UK |
| William H. Edgerton | Assisted in prosecution of '808 patent | *Deceased* |
| Roger J. Eden | Involved in pharmacological testing of ropinirole in the United Kingdom | 242 Daniells Welwyn Garden City, Herts AL7 1QQ United Kingdom |
| Vincent L. Fabiano | Assisted in prosecution of '860 patent | Ranbaxy Pharmaceuticals Inc. 600 College Road East Suite 2100 Princeton, NJ 08540 |
| Richard D. Foggio | Customary practice of patent department at time of prosecution of the '808 patent | P.O. Box 83 Bedminster, PA 18910 |
| Gregory H. Gallagher | Named inventor of the '808 patent | 7032 Harrington Lane Bradenton, FL 34202 |
| Peter J. Giddings, Ph.D. | Assisted in prosecution of '860 patent | GlaxoSmithKline Services Unlimited 980 Great West Road Brentford Middlesex TW8 9GS |
| Carol Harvey, Ph.D. | A project team leader for drug development of ropinirole in the United Kingdom | GlaxoSmithKline 709 Swedeland Road King of Prussia, PA 19406 |
| J. Paul Hieble, Ph.D. | Involved in the pharmacological testing of | GlaxoSmithKline 709 Swedeland Road |

| | ropinirole in the United States | King of Prussia, PA 19406 |
|---|---|---|
| William F. Huffman, Ph.D. | One of the named inventors of the '944 patent | GlaxoSmithKline 709 Swedeland Road King of Prussia, PA 19406 |
| Alan D. Lourie | Customary practice of patent department and/or prosecution of the patents-in-suit | United States Court of Appeals for the Federal Circuit 717 Madison Place, NW Washington, DC 20439 |
| David A. A. Owen, Ph.D. | Named inventor of the '860 patent | Coppice Farm Stanton upon Hine Heath Shrewsbury Shropshire SY4 4ET |
| Kevin Reeves | Commercial Success of ReQuip | GlaxoSmithKline 5 Moore Drive Research Triangle Park, NC 27789 |
| Stuart R. Suter | Customary practice of patent department and/or prosecution of the '860 patent | 505 Leamington Court Amber, PA 19002 |
| Annette Wright | Conducted testing of ropinirole in the United Kingdom under direction of Dr. Owen. | 51 Ladder Hill Wheatley Oxford OX33 1SX |

**Interrogatory No. 10:**

Identify each witness that Plaintiffs intend to call at any hearing or trial and the subject matter of the testimony of each such witness, including the facts to which such persons are expected to testify and any exhibits expected to be used in connection with the testimony, and, if testifying as an expert: the opinions to which such expert(s) is expected to testify; the person's qualifications, and all documents authored or contributed to and all presentations given or participated in by such person; all prior hearing, deposition, and trial testimony by such person; a

-15-

report of the expert's opinion; and all documents and other information relied upon or used by the witness in preparing for his or her testimony and report.

**Response:**

GSK objects to this request as premature because and the deadlines for expert reports and pre-trial submissions have not yet occurred. Additionally, GSK objects to this inquiry to the extent that the information requested is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. GSK further objects to, as overbroad and duly burdensome, Teva's requests for "all documents authored or contributed to and all presentations given or participated in by" and "all prior hearing, deposition, and trial testimony by" GSK's expert witnesses. Such requests are not limited to any particular subject matter or any particular date range, and, to the extent such information is publicly available, can be located just as easily by Teva as GSK. Finally, GSK further objects to this interrogatory because it contains eight subparts, each of which, pursuant to Local Rule 26.1(b), counts as a separate interrogatory.

Subject to and without waiving the foregoing objections and its General Objections, GSK will provide information regarding identification of fact and expert witnesses in accordance with the deadlines for expert discovery and trial set forth by the Court.

SMITH KLINE & FRENCH LABORATORIES
LIMITED AND SMITHKLINE BEECHAM
CORPORATION, D/B/A GLAXOSMITHKLINE
By their attorneys,

William G. McElwain, Esq.
Henry N. Wixon, Esq.
Amy K. Wigmore, Esq.
Michael Gordon, Esq.
Mark L. Rienzi, Esq.
WILMER, CUTLER, PICKERING,

-16-

HALE AND DORR LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
Phone:  (202) 942-8400
Fax:     (202) 942-8484

William F. Lee, Esq.
WILMER, CUTLER, PICKERING,
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone:  (617) 526-6000

Patricia Smink Rogowski, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building, 1107 North Orange Street
Wilmington, DE  19801
Phone:  (302) 658-9141
Fax :     (302) 658-5614

Dated:  August 16, 2006

# EXHIBIT E

# REDACTED IN ITS ENTIRETY

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SMITH KLINE & FRENCH LABORATORIES, LTD, and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No:  05-197 GMS |
| v. | ) ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S REVISED SECOND NOTICE OF 30(b)(6) DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE**

PLEASE TAKE NOTICE THAT, beginning on May 30, 2006 at 9:30 A.M. at the offices of Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, D.C. 20005, or at another mutually agreed upon place and time, Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), will take the deposition of Plaintiffs Smith Kline & French Laboratories, Ltd. and SmithKline Beecham Corp., d/b/a GlaxoSmithKline (collectively "GSK") as represented by the person(s) most knowledgeable with respect to the subject matter topics identified below and designated to testify on GSK's behalf, pursuant to Fed. R. Civ. P. 30(b)(6).

The oral examination will be taken before a notary public or other person authorized to administer oaths, and will be recorded by stenographic means and/or videotape.  You are invited to attend and participate.

## **TOPICS**

1.     Facts and circumstances regarding the preparation, filing, and prosecution of the U.S. patent application that issued as U.S. Patent No. 4,314,944 ("the '944 patent"), and issuance of the '944 patent, including without limitation any prior art searches conducted, whether or not by Plaintiffs, before or during the prosecution of the '944 patent, and the identity of the people involved and their roles.

2.     Facts and circumstances regarding the preparation, filing, and prosecution of the U.S. patent application that issued as U.S. Patent No. 4,452,808 ("the '808 patent"), and issuance of the '808 patent, including without limitation any prior art searches conducted, whether or not by Plaintiffs, before or during the prosecution of the '808 patent, and the identity of the people involved and their roles.

3.     Facts and circumstances regarding the preparation, filing, and prosecution of the U.S. patent application that issued as U.S. Patent No. 4,824,860 ("the '860 patent"), and issuance of the '860 patent, including without limitation any prior art searches conducted, whether or not by Plaintiffs, before or during the prosecution of the '860 patent, and the identity of the people involved and their roles.

Respectfully submitted,

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
**YOUNG CONAWAY STARGATT
& TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6600
msquire@ycst.com

*Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.*

Of Counsel

Jay P. Lefkowitz
Karen M. Robinson
Steven A. Engel
Stephen D. Dove
**KIRKLAND & ELLIS LLP**
655 Fifteenth St., N.W.
Suite 1200
Washington, D.C.  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Date:   May 23, 2006

3

## <u>CERTIFICATE OF SERVICE</u>

I, Monté T. Squire, Esquire, hereby certify that on May 23, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Patricia Smink Rogowski, Esquire
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801

I further certify that on May 23, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and the following non-registered participant in the manner indicated:

### <u>BY E-MAIL AND FEDERAL EXPRESS</u>

William F. Lee, Esquire
Wilmer, Cutler, Pickering, Hale and Dorr LLP
60 State Street
Boston, MA 02109

Michael E. Gordon, Esquire
Wilmer, Cutler, Pickering, Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Teva Pharmaceuticals U.S.A., Inc.

# EXHIBIT G

# WILMERHALE

May 30, 2006

Michael E. Gordon

+1 202 663 6214 (t)
+1 202 663 6363 (f)
michael.gordon@wilmerhale.com

**VIA FACSIMILE AND U.S. MAIL**

Charanjit Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:  *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a*
     *GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-197 (D. Del.)*

Dear Charan:

    I write in response to several discovery issues in the above-captioned matter.  We do not
believe that there are major discovery issues in dispute between the parties.  We are available to
discuss these topics with you in an effort to narrow the issues that require court intervention or
perhaps obviate the need for such intervention.  As I mentioned in a message left earlier today,
we are available for a teleconference tomorrow afternoon.  Please let us know your availability
for a call to confer regarding discovery matters.

GSK's Discovery Responses

    We first want to address several issues you have raised regarding GSK's discovery
responses.

    A.    Depositions of GSK Witnesses

    In the course of discovery, GSK has been responsive and accommodating with respect to
scheduling the depositions of GSK witnesses.  As you know, GSK has responded promptly to
informal requests for the deposition of GSK witnesses.  In addition, GSK assisted with the
scheduling of depositions of former employees and a non-party witness (Dr. Costall), including
voluntarily making United Kingdom residents available for deposition in the United States.
Nonetheless, due to the timing of Teva's requests for certain depositions and Teva's cancellation
of the previously scheduled deposition of Kevin Reeves, GSK must now produce witnesses for
deposition beyond the discovery period.

    Teva's Recent Requests for Depositions.  Specifically, in recent days, Teva sought four
GSK depositions: (1) Robert DeMarinis; (2) William Edgerton; (3) Peter Giddings; and (4) a
Rule 30(b)(6) deposition of GSK relating to patent prosecution issues.  You have withdrawn
your request to depose Mr. DeMarinis, and Mr. Edgerton is deceased.  Teva could have noticed
the final two depositions many months ago, and Teva has offered no justification for waiting

**WILMERHALE**

Charanjit Brahma
May 30, 2006
Page 2

until the close of the discovery period to seek these depositions. *See, e.g.,* October 3, 2005 Response of GSK to Teva's First Set of Interrogatories (identifying Peter Giddings as a person involved in the prosecution of the '860 patent). Nevertheless, GSK will not oppose the deposition of Mr. Giddings. We will confer with Mr. Giddings regarding his availability and get back to you soon.

Regarding the Rule 30(b)(6) deposition that you noticed on May 23, we suggest that such a deposition is unnecessary with respect to the prosecution of the patents-in-suit. GSK has already produced the internal patent prosecution files for both the '808 and '860 patents. There is no current GSK employee with firsthand knowledge of the filing and prosecution of the '808 patent. Thus, in order to prepare a witness on this topic, GSK would provide a witness having no relevant personal knowledge with the same files that Teva possesses on this topic. We do not believe such a deposition would provide Teva with any relevant information not already in its possession. With respect to the '860 patent, you will be deposing Mr. Giddings. We are not aware of any other current GSK employees having any relevant, personal knowledge about the filing or prosecution of the '860 patent. As with the '808 patent, none of the attorneys who prosecuted the '860 patent are still employed by GSK. Consequently, we believe that a Rule 30(b)(6) deposition relating to prosecution of the patents-in-suit is unnecessary. Please let us know if you disagree.

Kevin Reeves Deposition. As you know, on May 10 Teva agreed to conduct the Rule 30(b)(6) deposition of Mr. Reeves on May 31. Last week, you informed us that Teva would not be available to depose Mr. Reeves on the agreed-upon date, thus requiring that this deposition be scheduled after the end of the discovery period. Nevertheless, we will confer with the witness about his availability and get back to you shortly.

Teva's First Rule 30(b)(6) Notice to GSK. The only other outstanding issue regarding GSK depositions relates to certain topics contained in Teva's first Rule 30(b)(6) notice to GSK. Teva has noticed several Rule 30(b)(6) topics (e.g. Topics 2, 3, 11, 12, and 13) that are so overly broad and/or vague that GSK is unable to discern what information Teva seeks or whether a dispute exists between the parties with respect to the information sought. We refer you to GSK's written objections and responses to Teva's Rule 30(b)(6) deposition notice as well as recent correspondence seeking clarification from Teva regarding the scope of certain noticed topics. *See* May 22, 2006 letter from Gordon to Brahma. As we have explained, it would be impossible to prepare a witness to testify as to these overly broad topics that cover, for example, "all" testing and studies performed on compounds over a long time period.

More importantly, Teva has already received deposition testimony from the persons most knowledgeable regarding the inventions claimed in the patents-in-suit and the testing and development of ropinirole hydrochloride. These persons include the inventors (Mr. Gallagher and Mr. Owen), other GSK employees and former employees with relevant knowledge,

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 3

(Mr. Eden, Mr. Hieble, Mr. Huffman, and Ms. Harvey), a third party witness (Dr. Costall), and Rule 30(b)(6) designees on topics regarding the claimed inventions and the development of ropinirole hydrochloride. In addition, GSK has produced voluminous documentation on these issues and is in the process of producing material relating to IND and NDA filings for ropinirole hydrochloride. We believe that the information Teva has received through depositions and other discovery responses is sufficient to meet your needs for information relevant to this litigation, at least in the absence of a description of specific subject matters within the broad categories of your notice that would allow us to identify and prepare an appropriate witness.

There are several additional Rule 30(b)(6) topics that we would like to address individually.

Topic 14. Topic 14 seeks testimony regarding "all attempts to develop methods of treatment using compounds claimed in the '808, '860, or '944 patents for indications other than Parkinson's Disease." This topic is objectionable insofar as it encompasses compounds and claims other than those at issue in this lawsuit. In addition, as we informed you on May 22, 2006, this topic is not only overly broad but also so vague as to make preparation of a witness impossible. See May 22, 2006 letter from Gordon to Brahma. It is impossible to produce a witness on this topic because it is unclear what is meant by "all attempts" to develop a treatment. For example, it is unclear whether this topic addresses research efforts, regulatory filings, marketing efforts, other "attempts to develop," or all of the above. In addition, it is unclear what an "attempt" refers to in this context.

Moreover, GSK has received FDA approval with respect to only two indications, Parkinson's Disease and Restless Leg Syndrome, and GSK is producing material to Teva regarding the relevant regulatory filings related to these approvals. In addition, GSK has produced all documents located after a reasonably diligent search relating to the development of ropinirole prior to the filing date of the '860 application (including meeting minutes of the project team that addressed both ropinirole and SK&F compound number 89124, which is claimed by the '944 patent). Further, Teva has had the opportunity to depose the project team leader and others who were involved in the development of the compound prior to the '860 filing. Given the regulatory filings we are producing and the documents and deposition testimony that has been provided on the early development of ropinirole, we do not believe any additional testimony is necessary or relevant and, in any event, preparing a witness on such a hopelessly broad topic would be infeasible.

Topic 15. Topic 15 calls for privileged attorney-client communications and/or work product regarding the patents-in-suit and is thus an improper topic. In addition, Teva has raised no claim in this matter that would render such opinions subject to discovery.

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 4

Topics 16 and 17. These topics seek testimony regarding "all documents" and "all persons known to have knowledge" related to any of the Rule 30(b)(6) topics noticed. Such requests are duplicative of previous discovery, overly broad, unduly burdensome, and not reasonably calculated to lead to discoverable evidence. Such information is more appropriately sought through interrogatories or document requests, and GSK has already provided responses to Teva's multiple sets of written discovery requests.

B.     GSK's Responses to Teva's Document Requests

Production of NDA and IND Information. As you know, GSK has agreed to produce to Teva, on a rolling basis, certain IND and NDA material related to products containing ropinirole hydrochloride that have been approved by the FDA. See May 26, 2006 letter from Gordon to Brahma. This production began last week. As you know, these materials are extremely voluminous and contain an enormous amount of information that is completely unrelated to any of the issues in this litigation. Nonetheless, GSK undertook the significant burden of reviewing these regulatory filings, a review that requires careful redaction of certain irrelevant information such as confidential clinical trial information. Contrary to your allegations of "stonewalling" by GSK, GSK has worked diligently to review this material.

We have provided you with the table of contents for the initial filing for IND 31,712, IND 63,172, and NDA 20-658, the three FDA filings related to approved products containing ropinirole hydrochloride. GSK does not have a table of contents for the supplemental submissions that followed the initial filing. We do, however, have annual reports for each year that summarize the relevant information annually. We will provide you with these annual reports for your review. We believe that this should provide Teva with sufficient information about these regulatory filings.

Documents Related to Compounds Other Than Ropinirole Hydrochloride. You have inquired about GSK's responses to document requests relating to compounds that fall within the scope of the claims of the patents-in-suit. See Teva' First Set of Requests for Production of Documents and Things, Requests 14 and 19. Subject to GSK's responses and objections to these requests, GSK, after a reasonable search, has produced all documents responsive to these requests. We do not believe there is a dispute between the parties with respect to these requests, but please let us know if you disagree.

Documents Relating to the Testing of Ropinirole Hydrochloride. You have inquired about GSK's responses to document requests relating to the testing and analysis of ropinirole hydrochloride. See Teva' First Set of Requests for Production of Documents and Things, Requests 14, 15, and 19. GSK conducted a reasonable search for these materials, and subject to GSK's responses and objections to these requests, GSK produced all responsive documents, including any responsive portions of laboratory notebooks that were located. In light of the

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 5

concerns you raised in your May 24 letter, we are investigating whether there are any additional responsive laboratory notebooks of Mr. Hieble that were not previously produced.

Contract Between Smith Kline & French and the University of Bradford. GSK conducted a diligent search for a written contract between Smith Kline & French and the University of Bradford regarding the work performed by Professor Costall's lab on ropinirole hydrochloride, but no contract was found.

GSK's Privilege Log. You inquired about the basis for certain redactions not included on the installments of GSK's privilege log produced to date. We note that the extensive privilege logs produced to date contain information about numerous redactions made by GSK on privilege grounds. GSK will produce a privilege log shortly that includes the basis for any redacted documents not listed on prior logs.

Teva's Discovery Responses

In an effort to resolve all outstanding discovery issues, we want to address several issues regarding Teva's discovery responses.

A.      Depositions of Teva Witnesses

Despite repeated requests from GSK, Teva still has not proposed a date for two of the depositions of Teva witnesses, and therefore these depositions will have to be scheduled after the close of the discovery period.

Rule 30(b)(6) Deposition of Teva. On March 22, 2006, we provided Teva with a list of topics for the Rule 30(b)(6) deposition of Teva. On March 31, you promised to get back to us within a few days regarding the identification and availability of Teva's Rule 30(b)(6) designees. See March 31, 2006 letter from Rienzi to Robinson. Teva still has not informed GSK when it will make a witness available with respect to one of the noticed topics, Topic 3. Please promptly let us know when Teva will make a witness available to testify on this topic.

Chris Erb Deposition. In addition, Teva has not yet notified GSK when Chris Erb will be available for deposition. As you know, when you notified us that Laurie Gery, previously noticed for deposition, was unavailable, we informed you that GSK is willing to substitute Chris Erb for Ms. Gery with the hope that deposing Ms. Gery will be unnecessary. See May 22, 2006 letter from Gordon to Brahma. Please promptly let us know when this deposition can take place.

Ann Payne Deposition. On May 8, we served a notice to depose Ann Payne. You informed us that Ms. Payne is not available until June 2, but that she will testify on that date in her individual capacity and as a Rule 30(b)(6) designee (with respect to Topic 6). We agreed to

WILMERHALE

Charanjit Brahma
May 30, 2006
Page 6

conduct the deposition of Ms. Payne on June 2. Please confirm that this deposition will take
place at the offices of Drinker Biddle in Philadelphia at 9:00 am on June 2.

      B.     Teva's Responses to GSK's Document Requests

     **Teva's Redacted Documents.** Teva has produced numerous documents with redactions
but to date has not provided GSK with a basis for withholding any of the redacted material.
Please promptly provide a basis for Teva's redactions.

     **Teva's Responses to GSK's Document Requests.** On March 7, GSK requested that Teva
clarify its responses to GSK's first set of document requests so that GSK can determine which
categories of documents Teva agreed to produce. *See* March 7, 2006 letter from Gordon to
Brahma. Specifically, many of Teva's responses conclude with a promise to produce "relevant
non-privileged documents." *See, e.g.,* Response No. 10. The use of the word "relevant," rather
than "responsive," raises the question whether Teva is withholding non-privileged documents
that are responsive to GSK's requests, but are judged by Teva to be irrelevant. Accordingly, we
asked you to clarify whether Teva has produced all responsive non-privileged documents in its
possession, or something less. During a March 31 meet and confer session, we renewed this
request, and Teva agreed to review its responses and clarify if there are specific categories of
documents Teva is refusing to produce on relevance or other grounds. Teva has not done so, and
thus GSK is unable to assess the adequacy of Teva's response to these discovery requests.
Please promptly respond to this request.

     Please let us know your availability to confer regarding these discovery issues.

Regards,

Michael E. Gordon

# EXHIBIT H

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Charanjit Brahma
To Call Writer Directly:
(202) 879-5148
cbrahma@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

June 2, 2006

**By Facsimile**

Michael E. Gordon
Amy K. Wigmore
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, NW
Washington, DC 20037

Re:    *Smith Kline & French Laboratories, LTD and SmithKline Beecham*
       *Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.,*
       Civil Action No. 05-197 (GMS) (D. Del.)

Dear Amy and Michael:

       This letter responds to your letter of June 1, 2006 and summarizes our
discussion on May 31, 2006 regarding the parties outstanding discovery issues as described in
my letter of May 24, 2006 and your responsive letter of May 30, 2006. For convenience, I
have used the headings in your June 1 letter and discussed these issues in the same order.

I.     May 31 Fact Discovery Deadline

       As I mentioned during our teleconference, Teva is in the process of
supplementing its document production and interrogatory responses and should be able to
produce those documents and information early next week. While we believe that this will
complete satisfy Teva's fact discovery obligations, we reserve the right to supplement in
accordance with our obligations under the Federal Rules of Civil Procedure, particularly to
the extent such supplementation is required in light of new information provided to us by
GSK. Furthermore, to the extent any supplemental documents or information produced by
GSK requires us to depose or re-depose any GSK or third-party witness, Teva reserves the
right to do so, and GSK has reserved the right to object to making such witnesses available
except on grounds of untimeliness.

       It is our understanding that GSK is also in the process of supplementing its
production with respect to NDA and IND documents (as discussed below), and that GSK's
production will be completed by the end of June. We have agreed that Teva will not object to
GSK's production of this information as untimely, provided that all of the documents Teva
requests are produced.

Chicago          London          Los Angeles          Munich          New York          San Francisco

# KIRKLAND & ELLIS LLP

Michael E. Gordon
Amy K. Wigmore
June 2, 2006
Page 2

II.    Depositions of GSK Witnesses

(1) <u>Kevin Reeves (GSK):</u>  In your letter, you indicated that Mr. Reeves would be available for his deposition as GSK's corporate representative on Topics 5-10 of Teva's first Rule 30(b)(6) notice of deposition on June 29 in Washington D.C.  That date and location are acceptable.  Please note that the deposition will begin at 9:30 AM.

(2) <u>Peter Giddings (GSK):</u>  Please let us know as soon as possible when you expect to be able to provide a date for Mr. Giddings deposition.

(3) <u>Topics 2, 4 and 11-14 of Teva's first Rule 30(b)(6) deposition notice:</u>  During our call,

# REDACTED

GSK must produce a witness to testify about efforts by GSK to synthesize or characterize the physiological effects of these aforementioned compounds and any others that may fall within the scope of the general structural formulae set forth in claim 1 of the '808 patent or claim 1 of the '860 patent.

(4) <u>Topics 16 and 17 of Teva's first Rule 30(b)(6) deposition notice:</u>  As we discussed, Teva may be willing to put off deposition of GSK representatives on Topics 16 and 17 until later in the case, as Teva's intent in seeking deposition on these Topics is to confirm the authenticity and source of various documents produced in this litigation.  Alternatively, the need for a deposition on these Topics may be obviated if GSK is willing to stipulate to the authenticity of the documents it has produced, to certify what steps it took (*e.g.* what search terms it used to locate documents responsive to Teva's document requests, whose files were searched, etc.), and to provide source information for documents of particular relevance that Teva would identify after the close of expert discovery.  If this alternative is acceptable, please let me know.

## KIRKLAND & ELLIS LLP

Michael E. Gordon
Amy K. Wigmore
June 2, 2006
Page 3

(5) <u>Topics in Teva's second Rule 30(b)(6) deposition notice:</u>  In your May 30 letter and during our call, you indicated that "GSK has already produced the internal patent prosecution files for both the '808 and '860 patents" and that GSK would not be able to produce a Rule 30(b)(6) witness capable of providing any information on the prosecution or preparation of the applications from which these patents issued beyond the information contained in these files.  You indicated during the call that GSK would identify the documents it referred to as the internal patent prosecution files for these two patents.  You also indicated that you would check to see whether the internal patent prosecution files for the '944 patent had been produced, and if not, would produce to avoid having to present a witness for deposition on this issue (as GSK is also unable to produce a representative deponent with knowledge beyond the internal patent prosecution files for that patent as well).  Your latest letter seems to retreat from those representations, stating that you are merely "considering these matters."  To the extent GSK does not agree to provide the documents and information listed above, please let us know so that we can timely raise this issue with the Court.

## III.   GSK's Document Production

(1) <u>NDA/IND material:</u>  You indicated that GSK has begun production of this information and that GSK will be able to complete its production of this information by the end of June.

(2) <u>Documents related to testing of ropinirole hydrochloride:</u>  Per my conversation with Ms. Wigmore on June 1, GSK has agreed to produce "any lab notebook entries from pharmacologists identified in Dr. Hieble's deposition" relating to ropinirole or any salt thereof, including the notebooks of individuals Dr. Hieble was not able to identify by name, as well as documents relating to the experiments described in those notebooks.  On that basis, Teva believes this issue has been resolved.

(3) <u>Documents relating to compounds other than ropinirole hydrochloride:</u>  Teva is seeking information related to efforts by GSK to synthesize or characterize the physiological effects of these compounds identified in section II(3) above and any others that may fall within the scope of the general structural formulae set forth in claim 1 of the '808 patent or claim 1 of the '860 patent.

## IV.   Depositions of Teva Witnesses

(1) <u>Ann Payne (Teva):</u>  In light of Teva's supplemental production, you requested that Ms. Payne's deposition in her individual capacity and as a Rule 30(b)(6) witness on Topic 6 of GSK's notice, which was previously scheduled for June 2, be canceled and re-scheduled for June 14.  Although we do not believe Teva's supplemental production would have had any impact on Ms. Payne's deposition, we have agreed to make Ms. Payne available on that date beginning at 9:00 AM at the office of Drinker Biddle in Philadelphia.

# KIRKLAND & ELLIS LLP

Michael E. Gordon
Amy K. Wigmore
June 2, 2006
Page 4

(2) <u>Christine Erb (Teva):</u>  As I mentioned, Ms. Erb is responsible for mostly clerical functions and works directly for Ms. Payne.  Therefore, Teva believes that Ms. Erb's deposition will not be necessary in light of Ms. Payne's deposition.  However, to the extent GSK believes it still needs to depose Ms. Erb after taking Ms. Payne's deposition, we will try to make her available on a day shortly after June 14.

(3) <u>Topic 3 of GSK's Rule 30(b)(6) notice:</u>  As I mentioned, it is unclear to Teva why GSK needs a deponent on this Topic.  You agreed to discuss with your client whether it is still necessary for Teva to produce a witness on this Topic.

(4) <u>Topic 7 of GSK's Rule 30(b)(6) notice and Topic 15 of Teva's Rule 30(b)(6) notice:</u>  Your letter incorrectly states that Teva has agreed not to pursue deposition testimony from a GSK witness as to Topic 5 of Teva's first Rule 30(b)(6) deposition notice.  I believe you are actually referring to Topic 7 of Teva's notice, as well as Topic 15 of Teva's first Rule 30(b)(6) notice, which you have correctly identified in your letter.  Teva has agreed not to require GSK to produce a witness on Topic 15 of its notice in light of GSK's privilege objections, and GSK has similarly agreed not to require Teva to produce a witness on Topic 7 of GSK's notice in light of Teva's privilege objections.  Both parties reserved the right to later challenge each other's privilege assertions and to seek the preclusion of evidence based on each other's assertions of privilege.

<u>V.     Teva's Document Production</u>

(1) <u>Redactions:</u>  To the extent Teva has redacted non-privileged information from documents it has produced, that information relates to drug products unrelated to Teva's proposed generic ropinirole hydrochloride tablets.

(2) <u>Production of "relevant" documents:</u>  As I stated during our May 31 teleconference, Teva has produced or is producing, subject to its objections, all documents that it believes to be responsive to GSK document requests after a reasonable search.

<u>VI.     Extension of Deadlines for Expert Discovery and Summary Judgment Briefing</u>

During our May 31 teleconference, you had indicated that GSK might be amenable to the previously discussed two-week extension of all deadlines prior to the September 27, 2006 deadline for the completion of expert discovery.  Teva continues to believe that these deadlines can be extended without affecting the Court's scheduled trial date.  Please let us know if GSK accepts the proposed extension of deadlines.

Sincerely,

Charanjit Brahma

# EXHIBIT I

WILMERHALE

June 27, 2006

Mark L. Rienzi

+1 202 663 6336 (t)
+1 202 663 6363 (f)
mark.rienzi@wilmerhale.com

**BY HAND DELIVERY**

Charanjip Brahma
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

Re:    **Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp.,
d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.,
Civil  Action No. 05-197 (GMS) (D. Del.)**

Dear Charanjip:

Enclosed documents GSK-REQ 094317-094863.  These documents constitute
GSK's internal patent prosecution files for the '808, '860, and '944 patents.  For the '808
and '860 patents, these documents were previously produced, but documents from the
files were inadvertently separated during production.  Accordingly, we are re-producing
these files to you so you will have them in one continuous bates range.

Sincerely yours,

Mark L. Rienzi

Enclosures

MLR/pds

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

US1DOCS 5723462v1