# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITH KLINE & FRENCH LABORATORIES, LTD, and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS U.S.A., INC.,<br><br>Defendant. | Civil Action No: 05-197 GMS<br><br>DEFENDANT'S RESPONSES TO FIRST SET OF INTERROGATORIES FROM PLAINTIFFS GLAXOSMITHKLINE |

## DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Teva Pharmaceuticals U.S.A., Inc. ("Teva") responds to Plaintiffs' First Set of Interrogatories. Teva reserves the right to supplement or amend its responses as it obtains additional information during the course of discovery.

### GENERAL OBJECTIONS

The following general objections to Plaintiffs' Interrogatories are hereby incorporated into each of Teva's responses to each Interrogatory as if fully set forth herein.

1. Teva objects to Plaintiffs' Interrogatories to the extent that they call for responses that would require disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other evidentiary privilege.

2. Teva objects to Plaintiffs' Interrogatories (including Definitions and Instructions) to the extent that they purport to impose discovery obligations beyond those authorized under the

Federal Rules of Civil Procedure and any applicable Orders of the Court or agreements between counsel. Teva will follow the governing rules, orders, and agreements in responding to these Interrogatories. Teva particularly objects to the Definitions and Instructions on these grounds to the extent that they call for response obligations beyond those authorized by Federal Rule of Civil Procedure 26(b)(1).

3. Teva objects to Plaintiffs' Interrogatories to the extent they are overly broad and unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4. Teva objects to Plaintiffs' Interrogatories to the extent the Interrogatory, or any word or term used therein, is vague, ambiguous, subject to different interpretations, requires subjective knowledge by any party other than Teva, or involves issues of law subject to resolution by the Court. Teva will answer to the extent possible based on the most objectively reasonable interpretation of the Interrogatory.

5. Teva objects to Plaintiffs' Interrogatories to the extent they seek information beyond the possession, custody, or control of Teva, or to the extent they seek information that is as readily available to Plaintiffs as it is to Teva.

6. Teva objects to Plaintiffs' Interrogatories to the extent that they seek confidential or proprietary information of a non-party or seek highly confidential business or technical information that is of little or no relevance to the claims or defenses in this action.

7. Teva objects to Plaintiffs' Interrogatories, including the Definitions and Instructions, to the extent they purport to define words or phrases in a manner different than their ordinary use, and Teva's responses to such Interrogatories shall not be construed as an admission, agreement or acquiescence in such a definition.

8. Teva objects to the definition of "document" and to those Interrogatories that incorporate the term to the extent that this definition states that such material shall include "self-stick removable notes." Furthermore, Teva objects to the definition of "Teva" and to those Interrogatories that incorporate the term to the extent that such term is purported to include "joint ventures thereof, together with any and all parent or affiliated companies or corporations" or other third parties not under the control of Teva Pharmaceuticals U.S.A., Inc.

9. Teva objects to Plaintiffs' Interrogatories, to the extent that they are premature and Teva reserves the right to supplement its responses pursuant to Fed. R. Civ. P. 26(e)

10. Teva objects to the numbering of the Interrogatories to the extent that particular interrogatories include discrete subparts that are not separately numbered. To the extent that the total number of interrogatories, including discrete subparts, exceeds the permitted number set forth in D. Del. LR 26.1(b), Teva reserves the right to refuse to answer all interrogatories in excess of that number should the parties be unable to come to an agreement on the issue.

## TEVA'S RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1:

Identify each and every Person who was involved in Teva's decision to file the Teva ANDA and/or to include a Paragraph IV Certification in the Teva ANDA. For each Person, describe with particularity his or her role in the decision(s).

### RESPONSE:

Teva objects to this Interrogatory to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses in this action, in seeking information relating to Teva's decision-making process in filing its ANDA No. 77-460, or in including a Paragraph IV Certification in its ANDA. Teva also objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information identifying "each and every Person who was involved" in Teva's decision-

3

making processes, rather than reasonably limiting any such inquiry in number of Persons or in relevant subject matter of any potential "involvement." Teva further objects to this Interrogatory to the extent that it seeks privileged work product and attorney-client communications. Teva objects to this Interrogatory to the extent it purports to be a single interrogatory. Subject to its general and specific objections, Teva responds as follows. Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

**INTERROGATORY NO. 2:**
Identify each and every Person who was involved in any way in developing or manufacturing Teva's Proposed Products, including the decision(s) to develop or manufacture Teva's Proposed Products. For each Person, describe with particularity his or her role in the development, manufacture, or decision(s).

**RESPONSE:**

Teva objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information identifying "each and every Person who was involved in any way" in Teva's development, manufacture, or decision-making processes regarding the same, rather than reasonably limiting any such inquiry in number of Persons or in relevant subject matter of any potential "involvement." Teva further objects to this Interrogatory to the extent that it seeks privileged work product and attorney-client communications. Subject to its general and specific objections, Teva responds as follows. Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

**INTERROGATORY NO. 3:**
State with particularity each and every legal and factual basis for Teva's allegations that the '808 patent is unenforceable or invalid under 35 U.S.C. §§ 101, 102, 103, 112 and 116. The detailed description should include, without limitation, an identification of each statute, judicial or administrative decision, document, tangible item, item of information, piece of prior art, and fact that Teva relied upon in preparing its Answer and Counterclaims, that Teva relied upon in preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegations that the '808 patent is unenforceable and/or invalid.

**RESPONSE:**

4

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Furthermore, Teva also expressly reserves the right to supplement its response to this Interrogatory to the extent that Plaintiffs respond with, or are permitted to change or otherwise supplement, their contentions set forth in response to Teva's interrogatories on the issue of patent invalidity. *See, e.g.,* Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 7 to Plaintiffs GlaxoSmithKline.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows with reference to each individual topic identified in the interrogatory: Claims 1-5 and 8-12 of the '808 patent are invalid as obvious, under 35 U.S.C. §103 in view of the combination of Cannon, J., *"Dopamine Congeners Derived from Benzo(f) quinolone Ring,"* Advances in Biosciences, 1979, 20, 87-94 and U.S. Patent No. 4,314,944.

<u>INTERROGATORY NO. 4:</u>

State with particularity each and every legal and factual basis for Teva's allegations that the '860 patent is unenforceable or invalid under 35 U.S, C. §§ 101, 102, 103, 112 and 116. The detailed description should include, without limitation, an identification of each statute, judicial or administrative decision, document, tangible item, item of information, piece of prior art, and fact that Teva relied upon in preparing its Answer and Counterclaims, that Teva relied upon in preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegations that the '860 patent is unenforceable and/or invalid.

RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Furthermore, Teva also expressly reserves the right to supplement its response to this Interrogatory to the extent that Plaintiffs respond with, or are permitted to change or otherwise supplement, their contentions set forth in response to Teva's interrogatories on the issue of patent invalidity. *See, e.g.*, Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 7 to Plaintiffs GlaxoSmithKline.

6

Subject to its general and specific objections, Teva responds to the Interrogatory as follows with reference to each individual topic identified in the interrogatory: All claims (claims 1-3) of the '860 patent are invalid as obvious, under 35 U.S.C. §103 in view of the combination of Cannon, J., *"The Design of Potential Anti-Parkinson Drugs: What is the Dopaminergic Pharmacophore in Ergot Alkoloids?,"* Proc. Iowa Acad. Sci. 93(4):169-174, 1986 and U.S. Patent No. 4,452,808.

### INTERROGATORY NO. 5:

State the date on which Teva first became aware of each source listed in Teva's response to Interrogatory No. 3 and when and how Teva first came to the belief that the '808 patent is invalid and/or unenforceable.

### RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva objects to this Interrogatory as it directly implicates the attorney-client privilege and attorney work product doctrine and thus is not the proper subject of discovery.

### INTERROGATORY NO. 6:

State the date on which Teva first became aware of each source listed in Teva's response to Interrogatory No. 4 and when and how Teva first came to the belief that the '860 patent is invalid and/or unenforceable.

### RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva objects to this Interrogatory as it directly implicates the attorney-client privilege and attorney work product doctrine and thus is not the proper subject of discovery.

### INTERROGATORY NO. 7:

State with particularity each and every legal and factual basis for Teva's allegations that the filing of the Teva ANDA does not infringe the '808 patent. The detailed description should include, without limitation, and identification of each statue, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaims, that Teva relied upon in preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegations that the '808 patent is not infringed.

### RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

8

INTERROGATORY NO. 8:

State with particularity each and every legal and factual basis for Teva's allegations that the filing of the Teva ANDA does not infringe the '860 patent. The detailed description should include, without limitation, an identification of each statute, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaim, that Teva relied upon in preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegations that the '860 patent is not infringed.

RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

9

INTERROGATORY NO. 9:

State with particularity each and every legal and factual basis for Teva's allegations that the manufacture, use, offering for sale, sale, or importation of Teva's Proposed Products do not and/or will not infringe the '808 patent. The detailed description should include, without limitation, as identification of each statute, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaim, that Teva relied upon in preparing the certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegation(s).

RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Accordingly, Teva herein provides its non-infringement positions regarding the subject matter of this Interrogatory based upon potential and alternative claim constructions, but expressly reserves its right to supplement this response after the Court construes the claims or upon learning Plaintiffs' proposed construction for the claims they assert in this litigation.

Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond

10

herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

### INTERROGATORY NO. 10:

State with particularity each and every legal and factual basis for Teva's allegations that the manufacture, use, offering for sale, sale, or importation of Teva's Proposed Products do not and/or will not infringe the '860 patent. The detailed description should include, without limitation, as identification of each statute, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaim, that Teva relied upon in preparing the certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegation(s).

### RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Accordingly, Teva herein provides its non-infringement positions regarding the subject matter of this Interrogatory based upon potential and alternative claim constructions, but expressly reserves its right to supplement this response after the Court construes the claims or upon learning Plaintiffs' proposed construction for the claims they assert in this litigation.

Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional

11

discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

### INTERROGATORY NO. 11:

Identify and describe in detail the art to which the '808 patent pertains and the level of ordinary skill in that art as of December 7, 1982. This identification and detailed description should include, without limitation, an identification and description of the education and experience that the hypothetical person of ordinary skill in the identified art would have had as of December 7, 1982.

### RESPONSE:

Teva objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order.

### INTERROGATORY NO. 12:

Identify and describe in detail the art to which the '860 patent pertains and the level of ordinary skill in that art as of May 21, 1987. This identification and detailed description should include, without limitation, an identification and description of the education and experience that the hypothetical person of ordinary skill in the identified art would have had as of May 21, 1987.

### RESPONSE:

12

Teva objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order.

**INTERROGATORY NO. 13:**

State whether Teva has obtained any opinions of counsel, either oral or written, regarding the scope, validity, infringement, and/or enforceability of the '808 and '860 patents and/or whether to file the Teva ANDA and Paragraph IV certification and whether Teva intends to rely upon any such advice of counsel to defend against GSK's willful infringement allegations. With respect to each such opinion: state whether the opinion was oral, written, or both; identify the person(s) who prepared the opinion; identify all documents relating to the opinion; and identify the person(s) who received the opinion.

**RESPONSE:**

Teva objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks discovery on willful infringement as the Federal Circuit has held that "the mere filing of an ANDA cannot constitute grounds for a willful infringement determination." *See Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1349 (Fed. Cir. 2004). Teva further objects to this Interrogatory as the subject matter directly implicates the attorney-client privilege and attorney work product doctrine and thus is not the proper subject of discovery. Teva also objects to this Interrogatory as inconsistent with the Scheduling Order entered in this action which governs, *inter alia*, the timing for the disclosure of reliance on advice of counsel.

**INTERROGATORY NO. 14:**

13

State whether Teva has sold any Ropinirole Product, including without limitation Teva's Proposed Products. If so, for each sale, state the date, the volume of the specific product sold, and the price paid for the product, including both unit price and total price for the sale.

RESPONSE:

Teva objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks the production of information related to the sale of any "Ropinirole Product" other than the drug products identified in Teva's ANDA No. 77-460, and further to the extent that is seeks the production of information related to damages issues, i.e., "sale" of Ropinirole Products, when there is no damages claim in this case. Subject to its general and specific objections, Teva responds as follows. Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

INTERROGATORY NO. 15:

State whether Teva has manufactured, or has had manufactured, any Ropinirole Product, including without limitation Teva's Proposed Products. If the answer is yes, identify all Persons involved in activities related to such manufacturing, including without limitation any Persons with whom Teva has contracted regarding such manufacturing.

RESPONSE:

Teva objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks the production of information related to the manufacture of any "Ropinirole Product" other than the drug products identified in Teva's ANDA No. 77-460, and further to the extent that is seeks the production of information related to damages issues, i.e., "manufacture" of Ropinirole Products, when there is no damages claim in this case. Teva also objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses in this action, in seeking information relating to "all Persons involved in activities related to" any potential manufacturing, rather than reasonably limiting any such inquiry in number of Persons

14

or in relevant subject matter of any potential "involvement." Subject to its general and specific objections, Teva responds as follows. Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

### INTERROGATORY 16:

State whether Teva has engaged in any discussions or negotiations, or has entered into any contracts or agreements relating to the manufacture or future manufacture of any Ropinirole Product, including without limitation Teva's Proposed Products. If yes, identify all Persons with whom such discussions occurred, all meetings or conferences with such Persons, and all documents relating to such discussions.

### RESPONSE:

Teva objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 15 and incorporates its objections to Interrogatory No. 15 herein. Teva additionally objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks the production of information related to the manufacture or future manufacture of any "Ropinirole Product" other than the drug products identified in Teva's ANDA No. 77-460, and further to the extent that is seeks the production of information related to damages issues, i.e., "manufacture" of Ropinirole Products, when there is no damages claim in this case. Teva also objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses in this action, in seeking information involving "any discussions . . . relating to" either manufacturing or future manufacturing, identification of "all Persons" involved in any potential discussion(s), "all meetings or conferences" involving any potential such Persons, and "all documents relating to" any potential discussion(s), rather than reasonably limiting any such inquiry in number of Persons or in relevant subject matter. Furthermore, Teva objects to this Interrogatory to the extent that it seeks privileged work product and attorney-client communications. Subject to its

15

general and specific objections, Teva responds as follows. Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

**INTERROGATORY NO. 17:**
Describe in detail the process by which Teva developed Teva's Proposed Products including without limitation when Teva made the decision to develop Teva's Proposed Products, and how Teva made Teva's Proposed Products (including stating whether Teva copied the inventions in the '808 and/or '860 patents).

**RESPONSE:**

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Furthermore, Teva objects to this Interrogatory to the extent that it seeks privileged work product and attorney-client communications. Teva further objects to this Interrogatory as requiring a narrative. Subject to its general and specific objections, Teva responds as follows. Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

**INTERROGATORY NO. 18:**
Describe in detail the reasons Teva decided to develop Teva's Proposed Products. In particular, state whether (and, if so, why) Teva believed Teva's Proposed Products would be commercially valuable or successful.

**RESPONSE:**

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Furthermore, Teva objects to this Interrogatory to the extent that it seeks privileged work product and attorney-client communications. Teva further objects to this Interrogatory as requiring a narrative. Subject to its general and specific objections, Teva responds as follows. Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

16

**INTERROGATORY NO. 19:**

On an annual basis for each year, starting from the first year in which Teva began to develop Teva's Proposed Products and continuing to the present, describe in detail all activities performed by Teva to develop the Proposed Products, and identify the following:

(a) all facilities and other resources used for such activities;
(b) all Persons who performed such activities; and
(c) the costs for performing such activities, and identify documents sufficient to show such costs.

**RESPONSE:**

Teva objects to this Interrogatory as duplicative of Interrogatory Nos. 17 and 2 and incorporates its objections to Interrogatories No. 2 and 17 herein. Furthermore, Teva objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in seeking production of information relating to damages issues when there is no damages claim in this case. Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Subject to its general and specific objections, Teva responds as follows: Teva is continuing to collect the information sought by this interrogatory and will supplement its response shortly.

Date: October 3, 2005

Respectfully submitted,

[signature]

Jay P. Lefkowitz
Karen M. Robinson
Steven A. Engel
Stephen D. Dove
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Suite 1200
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:    (202) 879-5200

17

Josy W. Ingersoll (#1088)
YOUNG CONANWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:    (302) 571-6600

*Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.*

18

## CERTIFICATE OF SERVICE

I, Karen Robinson, counsel for Defendant Teva Pharmaceuticals U.S.A., Inc., caused copies of DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, to be served, via facsimile and Federal Express, on the date listed below, to:

> Patricia Smink Rogowski, Esq. (Bar I.D. 2632)
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building, 1107 North Orange Street
> Wilmington, DE 19801
> Phone: (302) 658-9141
> Fax: (302) 658-5614
>
> William F. Lee, Esq.
> WILMER, CUTLER, PICKERING, HALE AND DORR LLP
> 60 State Street
> Boston, MA 02109
> Phone: (617) 526-6000
> Fax: (617) 526-5000
>
> Attorneys for Plaintiffs
> Smith Kline & French Laboratories, Ltd. and
> SmithKline Beecham Corp., d/b/a GlaxoSmithKline

Dated: October 3, 2005