# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITH KLINE & FRENCH LABORATORIES, LTD, and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS U.S.A., INC., <br><br> Defendant. | Civil Action No: 05-197 GMS |

## DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Teva Pharmaceuticals U.S.A. Inc. ("Teva") hereby provides supplemental responses to Plaintiffs' First Set of Interrogatories. Teva reserves the right to further supplement or amend its responses as it obtains additional information during the course of discovery.

### GENERAL OBJECTIONS

Teva incorporates each of the objections set forth in its Responses to Plaintiffs' First Set of Interrogatories as if explicitly set forth herein. Those objections are hereby incorporated into each of Teva's supplemental responses as if fully set forth therein.

TEVA'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS

INTERROGATORY NO. 1:
Identify each and every Person who was involved in Teva's decision to file the Teva ANDA and/or to include a Paragraph IV Certification in the Teva ANDA. For each Person, describe with particularity his or her role in the decision(s).

SECOND SUPPLEMENTAL RESPONSE:

Teva objects to this Interrogatory to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses in this action, in seeking information relating to Teva's decision-making process in filing its ANDA No. 77-460, or in including a Paragraph IV Certification in its ANDA. Teva objects to this Interrogatory to the extent it seeks information relating to Plaintiffs' claim of willful infringement. See, Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339, 1350-51 (Fed. Cir. 2004) ("the mere fact that a company has filed an ANDA application or certification cannot support a finding of willful infringement"). Teva objects to this Interrogatory to the extent it seeks information relating to Teva's decision to include a Paragraph IV Certification as such information is directly protected by the attorney-client privilege. Teva also objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information identifying "each and every Person who was involved" in Teva's decision-making processes, rather than reasonably limiting any such inquiry in number of Persons or in relevant subject matter of any potential "involvement." Teva further objects to this Interrogatory to the extent that it seeks privileged work product and attorney-client communications. Teva objects to this Interrogatory to the extent it purports to be a single interrogatory. Subject to its general and specific objections, Teva supplements its original response as follows.

Teva identifies Deborah Jaskot, Teva's Vice President of Regulatory Affairs as the individual involved in Teva's decision to file Teva's ANDA No. 77-460. Ms. Jaskot is

2

responsible for overseeing Teva's compliance with FDA regulations, including the submission of
Teva's ANDA No. 77-460. In addition, pursuant to Federal Rule of Civil Procedure 33(d),
additional individuals, if any, may be derived from the following documents: TEV-RQ 000001-
006503. Additional individuals may be identified from any further documents that Teva will
produce or make available in response to GSK's requests for production of documents and
tangible things. Teva reserves the right to further supplement its response as it obtains additional
information during the course of discovery consistent with the Federal Rules, Local Rules of
Civil Practice and Procedure of the United States District Court for the District of Delaware
("Local Rules"), and the Court's Scheduling Order.

**INTERROGATORY NO. 2:**
Identify each and every Person who was involved in any way in developing or manufacturing
Teva's Proposed Products, including the decision(s) to develop or manufacture Teva's Proposed
Products. For each Person, describe with particularity his or her role in the development,
manufacture, or decision(s).

**SECOND SUPPLEMENTAL RESPONSE:**

Teva objects to this Interrogatory as overly broad and unduly burdensome to the extent
that it seeks information identifying "each and every Person who was involved in any way" in
Teva's development, manufacture, or decision-making processes regarding the same, rather than
reasonably limiting any such inquiry in number of Persons or in relevant subject matter of any
potential "involvement." Teva further objects to this Interrogatory to the extent that it seeks
privileged work product and attorney-client communications. Subject to its general and specific
objections, Teva supplements its original response as follows.

Teva identifies Scott Stofik, Deborah Jaskot, and John Kovaleski as individuals involved
in the development and manufacture of the drug products identified in Teva's ANDA No. 77-
460. Mr. Stofik is a Senior Scientist II in Teva's Generic Research & Development who

3

oversaw the development of the drug products identified in Teva's ANDA No. 77-460. Ms.
Jaskot, Teva's Vice President of Regulatory Affairs, and Ms. Capresi, Senior Associate,
Regulatory Affairs, both participated in the development of the drug products identified in the
ANDA by way of regulatory submissions and/or communications regarding the same. Mr.
Kovaleski is Teva's Director of Analytical Research and Development. In addition, pursuant to
Federal Rule of Civil Procedure 33(d), additional individuals, if any, may be derived from the
following documents: TEV-RQ 000001-006503. Additional individuals may be identified from
any further documents that Teva will produce or make available in response to GSK's requests
for production of documents and tangible things. Teva reserves the right to further supplement
its response as it obtains additional information during the course of discovery consistent with
the Federal Rules, Local Rules, and the Court's Scheduling Order.

**INTERROGATORY NO. 3:**
    State with particularity each and every legal and factual basis for Teva's allegations that
the '808 patent is unenforceable or invalid under 35 U.S.C. §§ 101, 102, 103, 112 and 116. The
detailed description should include, without limitation, an identification of each statute, judicial
or administrative decision, document, tangible item, item of information, piece of prior art, and
fact that Teva relied upon in preparing its Answer and Counterclaims, that Teva relied upon in
preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as
support for its allegations that the '808 patent is unenforceable and/or invalid.

**SECOND SUPPLEMENTAL RESPONSE:**

    Teva objects to this Interrogatory as improperly being characterized as one interrogatory
because its many subparts constitute separate interrogatories towards the 50 interrogatory limit.
*See* D. Del. LR 26.1(b).   Teva further objects to this Interrogatory as premature to the extent
that it purports to seek expert discovery in advance of the time provided by the Court's
Scheduling Order and to the extent that responding to this Interrogatory requires the input of an
expert witness(es). Teva reserves the right to supplement this response on this basis and on the
basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local

4

Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Furthermore, Teva also expressly reserves the right to supplement its response to this Interrogatory to the extent that Plaintiffs respond with, or are permitted to change or otherwise supplement, their contentions set forth in response to Teva's interrogatories on the issue of patent invalidity. *See, e.g.,* Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 7 to Plaintiffs GlaxoSmithKline.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows with reference to each individual topic identified in the interrogatory:

(1) Claims 1-5 and 8-12 of the '808 patent are invalid as obvious under 35 U.S.C. §103 in view of the combination of U.S. Patent No. 4,314,944 and at least one of the following references:

   (a) Cannon, J.G., Hsu, F., Long, J.P., Flynn, J.R., Costall, B. and Naylor, R.J., *"Preparation and Biological Actions of Some Symmetrically N, N-Disubstituted Dopamines,"* J. Med. Chem., 1978, Vol. 21, No. 3: 248-253 ("Cannon 1978 article");

   (b) Cannon, J.G., *"Dopamine Congeners Derived from Benzo(f) quinolone Ring,"* Advances in Biosciences, 1979, Vol. 20: 87-94 ("Cannon 1979 article");

   (c) Cannon, J.G., Demopoulos, B.J., Long, J.P., Flynn J.R. and Sharabi, F.M., *"Proposed Dopaminergic Pharmacophore of Lergotrile, Pergolide, and Related Ergot Alkaloid Derivatives,"* J. Med. Chem. - Communications to the Editor, 1981, Vol. 24: 238-240 (1981) ("Cannon 1981 article I");

   (d) Cannon, J.G., Long, J.P. and Bhatnagar, R., *"Future Directions in Dopaminergic Nervous System and Dopaminergic Agonists,"* J. Med. Chem., 1981, Vol. 24, No. 10: 1113-1118 ("Cannon 1981 article II");

5

04/10/2006 20:00 FAX 2028795200          KIRKLAND & ELLIS LLP                    ☑008/020

(e) Geissler, H.E., "*3-[2-(Dipropylamino)ethyl]phenol: a new and selective dopaminergic agonist*," Arch. Pharm. (Weinheim) Vol. 310: 749-756 (1977) ("Geissler 1977 article");

(f) Walker, J., Daisley, R.W. and Beckett, A.H., "*Substituted Oxindoles. III. Synthesis and Pharmacology of Some Substituted Oxindoles*," J. Med. Chem., 1970, Vol. 13, No. 5; 983-985 ("Walker 1970 article");

(2) Claims 1, 2 and 6-8 of the '808 patent are invalid under 35 U.S.C. § 101 for failure to show that all of the compounds embraced within the scope of these claims are useful for the purpose intended. A person of ordinary skill in the art would not assume that all of the claimed compounds have the stated physiological effects when administered to patients based on experimental results related to the administration of only ropinirole, as the prior art disclosed that changes in the reactive groups of these compounds could greatly affect their activity, *e.g.* the Cannon 1979 article.

(3) Claims 8-12 of the '808 patent are invalid under 35 U.S.C. § 112 ¶ 1 for failure to enable a person of ordinary skill in the art to determine without undue experimentation the size of a "nontoxic, agonist quantity" of a claimed compound that is effective to treat conditions of Parkinson's Disease in a human being. A person of ordinary skill in the art would understand that non-routine testing would be necessary to derive effective, non-toxic human doses from animal testing results. Teva intends to rely upon, among other things, Plaintiffs' own dose response and toxicity testing for ropinirole and other compounds in support of this invalidity defense.

**INTERROGATORY NO. 4:**
    State with particularity each and every legal and factual basis for Teva's allegations that the '860 patent is unenforceable or invalid under 35 U.S.C. §§ 101, 102, 103, 112 and 116. The detailed description should include, without limitation, an identification of each statute, judicial or administrative decision, document, tangible item, item of information, piece of prior art, and fact that Teva relied upon in preparing its Answer and Counterclaims, that Teva relied upon in

6

preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegations that the '860 patent is unenforceable and/or invalid.

SECOND SUPPLEMENTAL RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Furthermore, Teva also expressly reserves the right to supplement its response to this Interrogatory to the extent that Plaintiffs respond with, or are permitted to change or otherwise supplement, their contentions set forth in response to Teva's interrogatories on the issue of patent invalidity. *See, e.g.*, Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 7 to Plaintiffs GlaxoSmithKline.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows with reference to each individual topic identified in the interrogatory:

(1) All claims (claims 1-3) of the '860 patent are invalid as obvious, under 35 U.S.C. §103 in view of the '808 patent in combination with at least one of the following references:

    (a)  the Cannon 1978 article ;

    (b)  the Cannon 1979 article;

    (c)  the Cannon 1981 article I;

    (d)  the Cannon 1981 article II;

    (e)  Cannon, J.G., *"The Design of Potential Anti-Parkinson Drugs: What is the Dopaminergic Pharmacophore in Ergot Alkaloids?,"* Proc. Iowa Acad. Sci. 93(4):169-174, 1986 ("Cannon 1986 article");

    (f)  the Geissler 1977 article;

    (g)  Gallagher, Jr., G., Lavanchy, P.G., Wilson, J.W., Hieble, J.P. and DeMarinis, R.M., *"4-[2-(Di-n-propylamino)ethyl]-2(3H)-indolone:  A Prejunctional Dopamine Receptor Agonist,"* J. Med. Chem. 1985, Vol. 28:1533-1536;

(2)  Claims 1-3 of the '860 patent are also invalid under 35 U.S.C. § 112 ¶ 1 for failure to enable a person of ordinary skill in the art to determine without undue experimentation what an "effective non-toxic amount" of a claimed compound that is effective to treat conditions of Parkinson's Disease in a human being.  A person of ordinary skill in the art would understand that non-routine testing would be necessary to derive effective, non-toxic human doses from animal testing results.  Teva intends to rely upon, among other things, Plaintiffs' own dose response and toxicity testing for ropinirole and other compounds in support of this invalidity defense.

(3)  Claim 1 of the '860 patent is also invalid under 35 U.S.C. § 112 ¶ 1 for failure to enable a person of ordinary skill in the art to determine without undue experimentation how to administer an "effective non-toxic amount" of any claimed compound other than ropinirole in a manner that is effective to treat conditions of Parkinson's Disease in a human being.  A

person of ordinary skill in the art would not assume that all of the claimed compounds have the stated physiological effects when administered to patients based on experimental results related to the administration of only ropinirole, as the prior art disclosed that changes in the reactive groups of these compounds could greatly affect their activity, *e.g.* the Cannon 1979 article.

## INTERROGATORY NO. 7:

State with particularity each and every legal and factual basis for Teva's allegations that the filing of the Teva ANDA does not infringe the '808 patent. The detailed description should include, without limitation, and identification of each statue, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaims, that Teva relied upon in preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegations that the '808 patent is not infringed.

## RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Furthermore, to the extent Plaintiffs do not assert that the filing of Teva's ANDA infringed claims 6,7, 11 and 12 of the '808 patent, it is unnecessary to specify why the filing of Teva's ANDA does not

infringe these unasserted claims. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows:  the filing of Teva's ANDA did not infringe claim 4 of the '808 patent, because the tablets described in Teva's ANDA do not include "4-(2-di-n-propylaminoethyl)-2(3H)-indolone *as the free base.*"

### INTERROGATORY NO. 8:

State with particularity each and every legal and factual basis for Teva's allegations that the filing of the Teva ANDA does not infringe the '860 patent. The detailed description should include, without limitation, an identification of each statute, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaim, that Teva relied upon in preparing the Certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegations that the '860 patent is not infringed.

### SECOND SUPPLEMENTAL RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit. *See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional

10

discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows:

The filing of Teva's ANDA would not directly infringe any of the claims of the '860 patent, which are all directed to methods of treatment, not products. Moreover, the use of the tablets described in Teva's ANDA to treat Parkinson's Disease would not infringe claim 2 of the '860 patent, because the method of treatment described in Teva's ANDA does not include "administering ... 4-(2-di-n-propylaminoethyl)-2(3H)-indolone" (*i.e.*, ropinirole in its free base form).

### INTERROGATORY NO. 9:
State with particularity each and every legal and factual basis for Teva's allegations that the manufacture, use, offering for sale, sale, or importation of Teva's Proposed Products do not and/or will not infringe the '808 patent. The detailed description should include, without limitation, as identification of each statute, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaim, that Teva relied upon in preparing the certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegation(s).

### RESPONSE:

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit.

11

*See* D. Del. LR 26.1(b). Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses. Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis. Accordingly, Teva herein provides its non-infringement positions regarding the subject matter of this Interrogatory based upon potential and alternative claim constructions, but expressly reserves its right to supplement this response after the Court construes the claims or upon learning Plaintiffs' proposed construction for the claims they assert in this litigation.

Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Furthermore, to the extent Plaintiffs do not assert that the manufacture, use, offering for sale, sale, or importation of products under Teva's ANDA infringed claims 6,7, 11 and 12 of the '808 patent, and it is unnecessary to specify why the filing of Teva's ANDA does not infringe these unasserted claims. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

12

Subject to its general and specific objections, Teva responds to the Interrogatory as follows:  the manufacture, use, offering for sale, sale, or importation of products under Teva's ANDA did not infringe claim 4 of the '808 patent, because the tablets described in Teva's ANDA do not include "4-(2-di-n-propylaminoethyl)-2(3H)-indolone *as the free base*."

**INTERROGATORY NO. 10:**
State with particularity each and every legal and factual basis for Teva's allegations that the manufacture, use, offering for sale, sale, or importation of Teva's Proposed Products do not and/or will not infringe the '860 patent.  The detailed description should include, without limitation, as identification of each statute, judicial or administrative decision, document, tangible item, item of information, and fact that Teva relied upon in preparing its Answer and Counterclaim, that Teva relied upon in preparing the certification Letter or the Teva ANDA, and/or that Teva intends to rely upon as support for its allegation(s).

**RESPONSE:**

Teva objects to this Interrogatory as improperly being characterized as one interrogatory because its many subparts constitute separate interrogatories towards the 50 interrogatory limit.  *See* D. Del. LR 26.1(b).  Teva notes that no claim terms, phrases, or clauses of the asserted claims have yet been construed by the Court nor have Plaintiffs provided Teva with Plaintiffs' contentions as to the proper construction of any disputed claim terms, phrases, or clauses.  Claim construction, which is an issue for the Court, is the first step in an infringement and/or invalidity analysis.  Accordingly, Teva herein provides its non-infringement positions regarding the subject matter of this Interrogatory based upon potential and alternative claim constructions, but expressly reserves its right to supplement this response after the Court construes the claims or upon learning Plaintiffs' proposed construction for the claims they assert in this litigation.

Teva further objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es).  Teva reserves the right to supplement this response on this basis and on the basis of any additional

13

discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order. Teva also notes that Plaintiffs bear the burden of proof on the issue of potential infringement, the subject matter of this Interrogatory, and Teva's ability to respond herein is limited by Plaintiffs' failure to provide detailed infringement allegations. Teva reserves the right to supplement its response to the extent that Plaintiffs respond to Defendant Teva Pharmaceuticals U.S.A., Inc.'s Interrogatory No. 1 to Plaintiffs GlaxoSmithKline, or are permitted to change or otherwise supplement their contentions.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows:

The manufacture, offering for sale, sale, or importation of the tablets described in Teva's ANDA would not directly infringe any of the claims of the '860 patent, which are all directed to methods of treatment, not products. Moreover, the use of the tablets described in Teva's ANDA to treat Parkinson's Disease would not infringe claim 2 of the '860 patent, because the method of treatment described in Teva's ANDA does not include "administering 4-(2-di-n-propylaminoethyl)-2(3H)-indolone" (*i.e.*, ropinirole in its free base form).

**INTERROGATORY NO. 11:**
Identify and describe in detail the art to which the '808 patent pertains and the level of ordinary skill in that art as of December 7, 1982. This identification and detailed description should include, without limitation, an identification and description of the education and experience that the hypothetical person of ordinary skill in the identified art would have had as of December 7, 1982.

**RESPONSE:**

Teva objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es). Teva objects to this

14

04/10/2006 20:03 FAX  2026795200          KIRKLAND & ELLIS LLP                    ☑017/020

Interrogatory as premature because fact discovery is ongoing.  Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows:  The '808 patent pertains to the art of synthesizing biologically active pharmaceutical compounds that are structurally similar to dopamine.  A person of ordinary skill in the art would be skilled in this field and likely have a doctorate degree in chemistry, pharmacology, neurology or a related field and likely would have experience researching pharmaceutical compounds that are structurally similar to dopamine.

**INTERROGATORY NO. 12:**
Identify and describe in detail the art to which the '860 patent pertains and the level of ordinary skill in that art as of May 21, 1987.  This identification and detailed description should include, without limitation, an identification and description of the education and experience that the hypothetical person of ordinary skill in the identified art would have had as of May 21, 1987.

**RESPONSE:**

Teva objects to this Interrogatory as premature to the extent that it purports to seek expert discovery in advance of the time provided by the Court's Scheduling Order and to the extent that responding to this Interrogatory requires the input of an expert witness(es).  Teva objects to this Interrogatory as premature because fact discovery is ongoing.  Teva reserves the right to supplement this response on this basis and on the basis of any additional discovery consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and Court's Scheduling Order.

Subject to its general and specific objections, Teva responds to the Interrogatory as follows:  The '860 patent pertains to the art of administering biologically active pharmaceutical

15

04/10/2006 20:03 FAX  2028795200          KIRKLAND & ELLIS LLP                    ☑018/020

compounds that are structurally similar to dopamine to treat Parkinson's Disease. A person of ordinary skill in the art would be skilled in this field and likely have a doctorate degree in chemistry, pharmacology, neurology or a related field and would have experience researching the physiological effects of pharmaceutical compounds that are structurally similar to dopamine in both the central nervous system and peripheral systems.

### INTERROGATORY NO. 13:

State whether Teva has obtained any opinions of counsel, either oral or written, regarding the scope, validity, infringement, and/or enforceability of the '808 and '860 patents and/or whether to file the Teva ANDA and Paragraph IV certification and whether Teva intends to rely upon any such advice of counsel to defend against GSK's willful infringement allegations. With respect to each such opinion: state whether the opinion was oral, written, or both; identify the person(s) who prepared the opinion; identify all documents relating to the opinion; and identify the person(s) who received the opinion.

### RESPONSE:

Teva objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks discovery on willful infringement as the Federal Circuit has held that "the mere filing of an ANDA cannot constitute grounds for a willful infringement determination." *See Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1349 (Fed. Cir. 2004). Teva further objects to this Interrogatory as the subject matter directly implicates the attorney-client privilege and attorney work product doctrine and thus is not the proper subject of discovery. Teva also objects to this Interrogatory as inconsistent with the Scheduling Order entered in this action which governs, *inter alia*, the timing for the disclosure of reliance on advice of counsel.

Subject to its general and specific objections, Teva will produce a responsive privilege log including information describing privileged documents to the extent required under the Federal Rules of Civil Procedure, local rules and any applicable court orders.

16

04/10/2006 20:04 FAX  2028796200          KIRKLAND & ELLIS LLP                    ☒ 019/020

Date:  April 10, 2006                Respectfully submitted,


                                     *Charanjit Brahma*
                                     Josy W. Ingersoll
                                     John W. Shaw
                                     Monte T. Squire
                                     **YOUNG CONAWAY STARGATT
                                     & TAYLOR, LLP**
                                     The Brandywine Building
                                     1000 West Street, 17th Floor
                                     P.O. Box 391
                                     Wilmington, Delaware  19899-0391
                                     Telephone:    (302) 571-6600

                                     Jay P. Lefkowitz
                                     Karen M. Robinson
                                     Charanjit Brahma
                                     Steven A. Engel
                                     Corey J. Manley
                                     **KIRKLAND & ELLIS LLP**
                                     655 Fifteenth St., N.W.
                                     Suite 1200
                                     Washington, D.C.  20005
                                     Telephone:    (202) 879-5000
                                     Facsimile:    (202) 879-5200

                                     *Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.*

17

CERTIFICATE OF SERVICE

I, Charanjit Brahma, counsel for Defendant Teva Pharmaceuticals U.S.A., Inc., caused copies of DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, to be served, via facsimile and Federal Express, on the date listed below, to:

> Patricia Smink Rogowski, Esq. (Bar I.D. 2632)
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building, 1107 North Orange Street
> Wilmington, DE 19801
> Phone: (302) 658-9141
> Fax: (302) 658-5614
>
> Michael E. Gordon, Esq.
> WILMER, CUTLER, PICKERING, HALE AND DORR LLP
> 2445 M Street, NW
> Washington, DC 20037
> Phone: (202) 663-6000
> Fax: (202) 942-8484
>
> Attorneys for Plaintiffs
> Smith Kline & French Laboratories, Ltd. and
> SmithKline Beecham Corp., d/b/a GlaxoSmithKline

Dated: April 10, 2006                    _Charanjit Brahma_

18