# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

LISA A. ARMSTRONG
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTE T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6713
DIRECT FAX:  302-576-3515
msquire@ycst.com

December 15, 2006

**BY ELECTRONIC FILING AND HAND DELIVERY**
The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE  19801

Re:  *Smith Kline & French Laboratories Limited and Smithkline Beecham*
*Corporation d/b/a GlaxoSmithKline v. Teva Pharmaceuticals U.S.A., Inc.,*
Civil Action No. 05-197-GMS

Dear Judge Sleet:

On behalf of Teva Pharmaceuticals USA, Inc. ("Teva"), I am writing to request assistance in the narrowing of objections to exhibits for the trial set to commence Monday morning. We regret that we need to raise this issue now, but because there remain multiple objections to several hundred proposed exhibits, we believe it is important to inform the Court today of this problem rather than wait until the beginning of the trial day Monday.

At the November 21st pretrial conference, GlaxoSmithkline ("GSK") told the Court that the "fruitful thing" for the parties to do would be to continue to narrow down any disputes regarding exhibits, so that the parties would not need to burden the Court with such matters. (Tr. at 66.) Before and after the pretrial conference, we have tried to confer with GSK to narrow objections to exhibits, but with no success. On November 29, GSK proposed a revised joint exhibit list. On December 4, Teva responded to this letter and sought to engage GSK about GSK's objections to Teva's exhibit list. More generally, we asked GSK if they would be "willing to streamline both parties' objections to exhibits." (Ex. A.) On December 8, Teva again asked GSK to "Please let us know as soon as possible if you are willing to work to streamline both parties' objections to exhibits in an effort [to] minimize the amount of time the Court will need to devote to dealing with these objections." (Ex. B.) GSK did not respond.

# Young Conaway Stargatt & Taylor, LLP

The Honorable Gregory M. Sleet
December 15, 2006
Page 2

Yesterday afternoon, Teva called GSK to discuss narrowing objections to exhibits and finalizing a joint exhibit list. GSK's counsel stated that they were "not willing" to, and did not believe it would "be productive" to, discuss objections to exhibits or whether an exhibit should be included on the parties' joint exhibit list, on either an individual, exhibit-by-exhibit basis, or a categorical basis. This morning, GSK responded by letter with a shortened proposed joint exhibit list, and again rejected the prospect of conferring further about exhibits, stating that "we do not believe any further discussions about additions to the list will be productive." (Ex. C.)

Teva believes that it would have been productive for the parties to discuss objections in an effort to narrow them and to discuss what documents should be included on the joint exhibit list so as to minimize the trial time that will be required to have documents entered into evidence. In addition to individual exhibits, there are several broad categories of objections that GSK has asserted to numerous exhibits that Teva believes the parties should have been able to work out among themselves; with the Court's permission we hope to address these categories with Your Honor before the trial begins. These include:

- **Best Evidence**: GSK has raised "best evidence" objections to many of GSK's own business and other documents, which were produced to Teva by GSK in discovery in this case. GSK has refused to discuss its basis for these objections, despite multiple requests from Teva to discuss them. (*See, e.g.*, Ex. A.)

- **Hearsay:** GSK has also raised "hearsay" objections to many GSK business documents that Teva would like to use as exhibits. Again, GSK has refused to discuss its basis for these objections, either categorically or individually, except to broadly state that they are concerned about hearsay within hearsay.

- **Foundation/Authenticity**: GSK has also raised "foundation" objections to many GSK documents that Teva intends to use as exhibits. Here too, GSK has refused to discuss these objections.

The above categories of objections are not exhaustive of the issues presented by GSK's objections. Additionally, while Teva certainly would have been willing to discuss its own objections to GSK's proposed exhibits in an effort to narrow those objections also, GSK has never sought to do so.

As a result of GSK's unwillingness to confer, the parties are left with a situation where several hundred exhibits—many of them old scientific articles and GSK business documents—are subject to objection. Teva believes that this situation could have been avoided and will unnecessarily

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
December 15, 2006
Page 3

burden the Court.  We look forward to addressing this issue and welcome any guidance or assistance that the Court deems appropriate.

Respectfully submitted,

Monté T. Squire (No. 4764)

MTS:mg
Enclosures

cc:  Clerk, U.S. District Court (By Hand Delivery)
     Patricia Smink Rogowski, Esquire (By Hand Delivery)