# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Corey J. Manley
To Call Writer Directly:
202 879-5940
cmanley@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

December 4, 2006

**By Electronic Mail**

Cristina Ashworth, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania, Avenue, N.W.
Washington, D.C. 20006

> Re:  *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 05-197 (GMS) (D.Del.)

Dear Cristina:

I write in response to your letter of November 29 regarding GSK's counterproposal to Teva's proposed joint exhibit list and other exhibit issues.

Regarding joint exhibits, we are currently considering your proposal. However, we have a number of questions:

*First*, numerous exhibits that Teva proposed as joint exhibits were not included in GSK's counter-proposed joint exhibit list that we received on November 29. These exhibits include many exhibits that GSK listed on its own exhibit list. For example, exhibits that Teva proposed in its joint exhibit list and GSK subsequently removed in its counterproposal include: PTX 26, PTX 40, PTX 92, PTX 96, PTX 116, PTX 125, PTX 126, PTX 156, PTX 171, PTX 181, PTX 291, PTX 292, PTX 427, DTX 25, DTX 36, DTX 37, DTX 57, DTX 61, DTX 65, DTX 66, DTX 76, DTX 84, DTX 93, DTX 94, DTX 100, DTX 104, DTX 163, DTX 167, DTX 170, DTX 172, DTX 177, DTX 191, DTX 199, DTX 240, DTX 241, DTX 242, DTX 374, DTX 375, and DTX 379. I understand from our November 30 conversation that GSK purposely excluded these Teva proposed joint exhibits from GSK's counterproposal because GSK does not agree to include them on the parties' joint exhibit list. However, you noted that you remained open to discussing GSK's position on these documents.

It is unclear why GSK does not agree to include the above-listed exhibits in the parties' joint exhibit list. For example, the following Teva proposed joint exhibits were originally proposed as joint exhibits *by GSK* on November 9: DTX 35 (PTX 26), DTX 38 (PTX 40), DTX 160 and 325 (PTX 96), DTX 62 and 328 (PTX 116), DTX 326 (PTX 125), DTX 155 (PTX 126), DTX 161 and 216 (PTX 156), DTX 219 (PTX 171), and DTX 40 (PTX 181). In addition, in

KIRKLAND & ELLIS LLP

Cristina Ashworth
December 4, 2006
Page 2

response to these documents appearing on Teva's exhibit list, GSK only objected to DTX 325 (PTX 96), DTX 326 (PTX 125), and DTX 328 (PTX 116). However, even for these documents, GSK objected to them only as cumulative of DTX 67, DTX 175, and DTX 32 respectively, which GSK did not object to. Please provide us with GSK's basis for not agreeing to include these exhibits—which GSK originally proposed as joint exhibits and to which it apparently has no objections—on the parties' joint exhibit list.

In addition, GSK has not agreed to include on the parties' joint exhibit list the following exhibits even though GSK has not objected where they appear on Teva's exhibit list: DTX 158 (PTX 427), DTX 57, DTX 93, DTX 150, DTX 163, DTX 167, DTX 170, DTX 172, and DTX 177. Please provide us with GSK's basis for not agreeing to include these exhibits—to which it apparently has no objections—on the parties' joint exhibit list.

Also, many of the Teva proposed joint exhibits that GSK does not agree to include on the parties' joint exhibit list are GSK business documents very similar to exhibits that GSK has agreed to include in the parties' joint exhibit list. For example, DTX 76, SK&F Project Meeting Minutes, October 30, 1986, was removed by GSK from Teva's proposed joint exhibit list. However, a number of other similar documents, all SK&F Project Meeting Minutes from the same general time period, were not removed. (*See, e.g.*, DTX 68-70, 72-75, 77-79, 87, 89, 90, 98, 99, 101, 102.) Please provide us with GSK's basis for not agreeing to include these GSK business documents on the parties' joint exhibit list, despite the fact that it has no objection to other similar documents being included in the joint exhibit list.

*Second*, from our conversation on November 30, I understand that GSK is not interested in working to streamline the parties' objections to exhibits on the parties' respective exhibit lists, except to the extent that the parties can agree that particular documents should be included on the parties' joint exhibit list. However, as you noted in your letter, during the November 21 pretrial conference, the Court directed the parties to endeavor to resolve any outstanding disputes regarding exhibits prior to trial. Teva understands the Court's directive to mean that not only should the parties work to agree on a joint exhibit list, but where possible, should also work to streamline objections to the exhibits on the parties' respective exhibit lists. Therefore, in an effort to not waste the Court's time at trial on many objections to hundreds of documents, please let us know as soon as possible if you are willing to work to streamline both parties' objections to exhibits.

In any event, GSK has objected to multiple GSK business and other documents included in Teva's exhibit list on "best evidence" grounds. (*See, e.g.*, DTX 25, 28, 39, 51, 76, 78-80, 88, 100, 105, 192, 201, 205, 234, 311-314, 320, 321, and 337-340.) For these documents, please provide us with your basis for GSK's best evidence objections.

**KIRKLAND & ELLIS LLP**

Cristina Ashworth
December 4, 2006
Page 3

In addition, GSK objected to Teva's inclusion of certain GSK business and other documents on its exhibit list while not objecting to other similar documents (*see, e.g.*, DTX 69 (also proposed as a joint exhibit by GSK) and DTX 25 (objected to by GSK on the grounds of relevance, hearsay, and best evidence)). Please explain the apparent inconsistencies in GSK's objections to the documents on Teva's exhibit list.

*Finally*, we note that GSK's proposed joint exhibit JTX 16 is inaccurate: PTX 77 is the public prosecution history for the '860 Patent, while DTX 20 is the public prosecution history for the '808 Patent. JTX 16 should instead reference PTX 76 and DTX 20. Likewise, although the two exhibits referenced for GSK's proposed JTX 65 are both prosecution histories for the '808 Patent, PTX 14 appears to be GSK's internal prosecution history, while DTX 20 is the public prosecution history. On GSK's most recent proposed joint exhibit list, PTX 14 already appears as JTX 3. Therefore, it appears that JTX 65 should instead reference PTX 77 and DTX 19. The description for JTX 65 also needs to be modified to reflect this change.

Sincerely,

Corey J. Manley

cc: Michael Gordon
Mark Rienzi

# EXHIBIT B

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

202 879-5000

www.kirkland.com

Corey J. Manley
To Call Writer Directly:
202 879-5940
cmanley@kirkland.com

Facsimile:
202 879-5200

December 8, 2006

**By Electronic Mail**

Cristina Ashworth, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania, Avenue, N.W.
Washington, D.C. 20006

    Re:   *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 05-197 (GMS) (D.Del.)

Dear Tina:

    We received GSK's updated trial exhibit list on December 6.

    Attached please find Teva's updated trial exhibit list. The list has been updated to include additional exhibits DTX 383 (GSK's Third Supplemental Responses to Teva's First Set of Interrogatories); DTX 384-385 (GSK's fifth and sixth privilege logs); DTX 386 (certificate of correction for U.S. Patent No. 4,452,808); DTX 387 (June 5, 2005 letter from Wilmer Hale to G. Gallagher); DTX 388 (www.requip.com, Requip website, December 8, 2006); and DTX 389 (www.mirapex.com, Mirapex website, December 8, 2006). Marked copies of these exhibits are attached herewith.

    In addition, a complete copy of DTX 134 is enclosed. The copy previously provided to GSK inadvertently included only the first page of the exhibit.

    Also, we have not heard back from GSK regarding the issues raised in my December 4 letter regarding GSK's proposed joint exhibits and other exhibit issues. As you noted in your November 29 letter, during the pretrial conference, the Court directed the parties to endeavor to resolve any outstanding disputes regarding exhibits prior to trial. It continues to be Teva's position that not only should the parties work to agree on a joint exhibit list, but where possible, should also work to streamline objections to the exhibits on the parties' respective exhibit lists. Please let us know as soon as possible if you are willing to work to streamline both parties' objections to exhibits in an effort minimize the amount of time the Court will need to devote to dealing with these objections. In any case, we would like to continue to move the process of agreeing upon a joint exhibit list forward, and look forward to receiving a response to my December 4 letter shortly.

Chicago        London        Los Angeles        New York        San Francisco

Cristina Ashworth
December 8, 2006
Page 2

KIRKLAND & ELLIS LLP

Sincerely,

Corey J. Manley

Attachments

cc:  Michael Gordon
     Mark Rienzi

# EXHIBIT C

WILMERHALE

December 15, 2006

Cristina C. Ashworth

+1 202 663 6693 (t)
+1 202 663 6363 (f)
cristina.ashworth@wilmerhale.com

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**
Edward C. Donovan
Andrew B. Kay
Charanjit Brahma
Corey J. Manley
Kirkland & Ellis LLP
c/o Sheraton Suites Wilmington
422 Delaware Avenue
Wilmington, DE 19801
Tel. (302) 576-8049
Fax (302) 576-8158

Re: *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc. v. Civil Action No. 05-197 (D. Del.)*

Dear Corey:

    I am writing in response to your letter of December 13, 2006 (which we received shortly before midnight) enclosing Teva's joint exhibit proposal in response to GSK's joint exhibit proposal of November 29, 2006. GSK believes that the joint exhibit lists proposed by both parties in the past have become moot in light of recent developments in the case – namely, Teva's abandonment of its challenge to the '808 patent. Moreover, there is little time remaining to resolve joint exhibit issues given the fact that Teva took two weeks to respond to GSK's most recent proposal.

    While GSK does not believe that a global agreement on all exhibits is feasible at this time (given the imminence of trial and the protracted negotiations the parties have had on this matter to date), we believe it is appropriate to identify a core set of documents as joint exhibits. We have enclosed our attempt to identify such a list. The enclosed list includes some of the documents from Teva's December 13 proposal along with some additional documents about which we do not believe there should be any dispute. Please note that among our proposed joint exhibits, the following new "JTX" numbers correspond to exhibits listed on your December 13th joint exhibit proposal: JTX 1-9, 11, 24-28, and 31-32. If either party wishes to use exhibits beyond this list, they should be offered at trial.

    Please let me know by the close of business today which of the documents on the enclosed list Teva agrees to identify as joint exhibits. Given that the trial begins on Monday, we do not believe that any further discussions about additions to the list will be productive.

WILMERHALE

November 15, 2006
Page 2

    Lastly, enclosed please find GSK's updated objections in response to Teva's exhibit list of Wednesday night.

Best regards,

*[signature]*

Cristina C. Ashworth

Enclosures