# WILMERHALE

December 16, 2006

**William F. Lee**

+1 617 526 6556 (t)
+1 617 526 5000 (f)
william.lee@wilmerhale.com

**BY ELECTRONIC FILING**
The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re: *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc. v. Civil Action No. 05-197 (D. Del.)*

Dear Judge Sleet:

      On behalf of GlaxoSmithKline ("GSK"), we write in response to the letter Teva Pharmaceuticals USA, Inc. ("Teva") filed with the court just before close of business on Friday, December 15, 2006. We regret to trouble the Court on the eve of trial with a matter that we believe should be addressed as parties seek to proffer exhibits. Yet, we find that a reply to Teva's misstatements of the negotiations between the parties and GSK's position with respect to exhibit objections is warranted.

      The dispute arises from a fundamental disagreement concerning the manner in which exhibits should be introduced and used at trial. As we have told Teva, GSK believes that the only exhibits that should be part of the record are those which are the subject of live testimony or deposition designations; in this way, the court will have the benefit of testimony providing context for each exhibit. Teva, instead, seeks "agreement" to introduce a host of documents without any testimony at all. Such a blanket and unguided introduction of documents in a case involving complex scientific principles is disfavored in this court.

      As we have offered previously, Teva should identify the witness and purpose of the exhibit and we can then say whether there is an objection. Teva has refused to do so.

      Page 2 of its December 15th letter is revealing. There, Teva states that ". . .the parties are left in a situation where several hundred exhibits—many of them old scientific articles and GSK business documents—are subject to objection." The fact that Teva is seeking to introduce *hundreds* of exhibits into the record is precisely GSK's concern. Parties should not be allowed to create a "shadow record" where the Court will be asked by post-trial briefing to make findings based upon exhibits never introduced or discussed at trial. Such a "document dump" undermines the very purpose of having a trial before this Court and presenting evidence through witness testimony.

      For this reason, GSK has not been willing to waive objections on a categorical basis – either by type of objection or by category of document. We cannot possibly evaluate whether an

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

December 16, 2006
Page 2

objection to a document should be withdrawn in a vacuum. For example, Teva may offer a document that clearly contains a statement that is hearsay, but if Teva does not offer the statement for the truth of the matter asserted GSK would have no objection to its admissibility. Indeed, during the parties' conference call of December 15th, GSK offered to reconsider any objections to exhibits for which Teva could explain its intended use of the document or identify the witness (either live or by deposition designation) through which it intended to introduce the exhibit. Under such circumstances, GSK would then be in a position to evaluate whether to object to the document in the context of its proposed use. After all, Teva bears the burden of establishing admissibility as the proponent of the document. Teva declined GSK's proposal out of hand.

Rather than stipulate to global withdrawals of objections on a categorical basis, GSK attempted to work with Teva over the last two months to negotiate a list of documents to which both sides could stipulate to admissibility (and therefore withdraw any objection) regardless of context. We believed the most productive vehicle for withdrawing objections was to propose a joint exhibit list that would represent the exhibits to which we were willing to stipulate to admissibility in a concrete and specific manner. Teva chose not to agree to any of three joint exhibit list proposals offered by GSK prior to filing its letter with the Court. Rather, they have persistently chosen to focus solely on where the parties disagree, rather than achieving consensus on the exhibits to which both parties could agree.

We do not wish to trouble the Court with history of the long and protracted negotiations in which the parties have engaged over the last two months in an attempt to come to an agreement regarding exhibits. However, Teva's gross misstatement that GSK has demonstrated an "unwillingness to confer" requires a brief response. Over the last two months, the parties have engaged in countless phone calls, written numerous letters, exchanged a total of five proposed joint exhibit lists, and GSK has offered on two occasions to meet in person to go through each exhibit to no avail. Just today the parties were able to reach agreement regarding the admissibility of 24 exhibits. Such a belabored process clearly does not demonstrate a lack of willingness to confer on the part of GSK; it simply means that the parties have a fundamentally different approach to introducing exhibits at trial. Teva wishes to usher in hundreds of documents unsupported by witness testimony, whereas GSK's position is that each party should introduce exhibits through witness testimony at trial or deposition designation pursuant to the rules of evidence.

Finally, on December 15th Teva served an untimely Rule 30(b)(6) notice of deposition on GSK regarding the "authenticity and source" of every document on its exhibit list. See Attachments A, B, and C. GSK has objected on the basis of authenticity at this time to only 12 of the 390 documents listed on Teva's exhibit list. All of these authenticity objections are directed toward unidentified handwriting, documents that are in a language other than English, or

WILMERHALE

December 16, 2006
Page 3

because the exhibit does not appear to be one document. This untimely deposition notice served without leave of court is yet another attempt by Teva, like its motions in limine, to raise a belated discovery issue on the eve of trial. Teva failed to establish a foundation or a hearsay exception for the documents it now seeks to admit at trial over the months of discovery in this case either through depositions or requests for admissions. It should not now be permitted to serve a notice of deposition on December 15th to depose a representative of GSK "beginning on December 16, 2996 at 12:00 p.m., or at another time prior to 7:00 p.m., December 17, 2006" to address issues it had months to pursue during discovery. Moreover, a deposition regarding the "authenticity and source" of documents will accomplish little in the way of establishing a hearsay exception, for example, upon which the document can be admitted.

Discovery is closed and trial begins Monday. Teva should seek to introduce its exhibits according to the rules of evidence -- just as GSK will -- and allow the Court to rule on the merits of each side's objections at trial.

Respectfully submitted,

*/s/ William F. Lee*

William F. Lee

# EXHIBIT A

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Corey J. Manley
To Call Writer Directly:
202 879-5940
cmanley@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200
Dir. Fax: 202 879-5200

December 15, 2006

**BY FACSIMILE & HAND DELIVERY**

Mark L. Rienzi, Esq.
Cristina Ashworth, Esq.
Hotel DuPont
11th & Market Street
Wilmington, DE 19801

Re:   *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 05-197 (GMS) (D.Del.)

Dear Cristina:

Pursuant to the parties conference call this morning, this letter confirms that the parties were unable to reach an agreement relating to the authenticity and source of the parties' respective documents. In Michael Gordon's June 2, 2006 letter to Charan Brahma (attached hereto for your convenience), GSK refused to produce a witness with respect to Topic No. 16 of Teva's First Notice of Rule 30(b)(6) Deposition. Instead, GSK represented that it was "willing to work with Teva . . . with respect to the authenticity and source of key documents." In light of GSK's refusal to even discuss the basis for its objections to the documents on Teva's Exhibit List (Pre-Trial Order Exhibit 9 as amended on December 13, 2006) and Teva's Proposed Joint Exhibit List, please immediately produce a Rule 30(b)(6) representative for GSK in response to Teva's enclosed Third Notice of 30(b)(6) Deposition to Plaintiffs.

Sincerely,

Corey J. Manley

Enclosures

cc:   William F. Lee (via facsimile)
      Patricia Smink Rogowski (via facsimile and hand delivery)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITH KLINE & FRENCH LABORATORIES, LTD, and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No: 05-197 GMS |

### DEFENDANT TEVA PHARMACEUTICALS U.S.A., INC.'S
### THIRD NOTICE OF DEPOSITION TO PLAINTIFFS GLAXOSMITHKLINE

PLEASE TAKE NOTICE that, beginning on December 16, 2006 at 12:00 p.m., or at another time prior to 7:00 p.m., December 17, 2006, at the mutual convenience of the parties, Defendant Teva Pharmaceuticals U.S.A., Inc. ("Teva"), will take the deposition of Plaintiffs Smith Kline & French Laboratories, Ltd. and SmithKline Beecham Corp., d/b/a GlaxoSmithKline (collectively "GSK") as represented by the person(s) most knowledgeable with respect to the subject matter topic(s) identified below and designated to testify on GSK's behalf, pursuant to Fed. R. Civ. P. 30(b)(6).

The deposition will take place at the Newark Conference Room, Sheraton Suites Delaware, 422 Delaware Avenue, Wilmington, Delaware 19801. The oral examination will be taken before a notary public or other person authorized to administer oaths, and will be recorded by stenographic means and/or videotape. You are invited to attend and participate.

## TOPIC

1. All documents and things identified on Exhibit A and Exhibit B attached hereto, including the authenticity and source of such documents and things.

                                      **YOUNG CONAWAY STARGATT**
                                            **& TAYLOR, LLP**

                                      */s/ Monté T. Squire*
                                      Josy W. Ingersoll (No. 1088)
                                      John W. Shaw (No. 3362)
                                      Monté T. Squire (No. 4764)
                                      The Brandywine Building
                                      1000 West Street, 17th Floor
                                      P.O. Box 391
                                      Wilmington, Delaware 19899-0391
                                      Telephone: (302) 571-6600
                                      msquire@ycst.com

                                      *Attorneys for Defendant Teva Pharmaceuticals U.S.A., Inc.*

Of Counsel
Daniel F. Attridge
Edward C. Donovan
Andrew B. Kay
Charanjit Brahma
Corey J. Manley
**KIRKLAND & ELLIS LLP**
655 Fifteenth St., N.W.
Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Dated: December 15, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on December 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Patricia Smink Rogowski, Esquire
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801

I further certify that on December 15, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and the following non-registered participants in the manner indicated:

### BY E-MAIL

> William F. Lee, Esquire
> Wilmer, Cutler, Pickering, Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

> Michael E. Gordon, Esquire
> Wilmer, Cutler, Pickering, Hale and Dorr LLP
> 1875 Pennsylvania Avenue, N.W.
> Washington, DC 20006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

Attorneys for Teva Pharmaceuticals U.S.A., Inc.

# EXHIBIT C

**WILMERHALE**

December 16, 2006

Cristina C. Ashworth

+1 202 663 6693 (t)
+1 202 663 6363 (f)
cristina.ashworth@wilmerhale.com

**BY ELECTRONIC MAIL**
Edward C. Donovan
Andrew B. Kay
Charanjit Brahma
Corey J. Manley
Kirkland & Ellis LLP
c/o Sheraton Suites Wilmington
422 Delaware Avenue
Wilmington, DE 19801
Tel. (302) 576-8049
Fax (302) 576-8158

Re:  *Smith Kline & French Laboratories, LTD and SmithKline Beecham Corp., d/b/a GlaxoSmithKline v. Teva Pharmaceuticals USA, Inc. v. Civil Action No. 05-197 (D. Del.)*

Dear Corey:

This letter is in response to your December 15, 2006 letter regarding the status of negotiations between the parties with respect to joint exhibits and your untimely notice of a Rule 30(b)(6) deposition. GSK will not produce a GSK witness less than 48 hours before trial for several reasons.

First, discovery is closed and, therefore, Teva must seek leave of the court in order to notice a deposition. Teva failed to establish the admissibility of the exhibits it wishes to now introduce at trial despite months of discovery. Teva could have established, for example, that a document was a business record through deposition testimony or by requests for admissions. GSK should not now bear the burden of preparing a witness to be deposed the weekend before trial on less than 24 hour notice just because Teva failed to pursue its case fully during discovery.

Second, GSK offered during the December 15th conference call to reconsider its objections for any exhibit for which Teva would identify the witness (live or by deposition designation) through which it wishes to introduce the document or the purpose for which the exhibit will be offered. This approach could have resolved the objections to the exhibits Teva wishes to introduce into the record. Yet, Teva declined to accept this proposal.

Finally, a deposition regarding the authenticity and source of every document on your exhibit list is unlikely to resolve whether an exhibit is a business record, contains statements that are hearsay, or is the best evidence of the underlying scientific information. Indeed, of the 390 exhibits on Teva's exhibit list, GSK currently objects on the basis of authenticity to only 12 documents. We object to unidentified handwriting for the following exhibits: DTX 21, 32, 39,

WILMERHALE

November 16, 2006
Page 2

98, 102, 201, and 321. We also object to DTX 173 because it is in a foreign language, and to DTX 94, 180, 201, 256, and 316 because they appear to be multiple documents, are incomplete or otherwise unidentifiable. A deposition of a GSK representative will accomplish little in the way of resolving the basis for these objections. We withdraw our authenticity objections to DTX 29 and 320.

Finally, we confirm that GSK will not object to the admissibility of the documents listed on Teva's response of late last night to GSK's December 15th proposed joint exhibit. However, we do not believe that exhibits should be renumbered at this late date for logistical reasons. Each side should simply refer to the exhibit number for which the document is first offered at trial.

Since trial begins on Monday, we believe the best course is to proffer exhibits at trial and allow each side to makes its objections if necessary and allow the court to rule on their merit.

Best regards,

*[signature]*

Cristina C. Ashworth